**Johnny CLARK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9905–CR–377.**

Court of Appeals of Indiana.

April 17, 2000.

Mark Small, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Kostas A. Poulakidas, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

1. The Notice of Probation Violation indicates that Clark's "probation start date" was December 27, 1997. Record at 109.

2. The petition alleged that on April 17, 1998, Clark was found in possession of a loaded

## OPINION

GARRARD, Senior Judge

### Case Summary

Appellant Johnny Clark (Clark) appeals the trial court's order denying his Ind. Trial Rule 60(B)(6) Motion for Relief from Judgment. According to Clark, the trial court did not have subject matter jurisdiction over his probation revocation proceedings once the record of proceedings for his direct appeal was filed with this court. We affirm.

### Facts and Procedural History

Following a jury trial for Dealing in Cocaine, a Class B felony, Possession of Cocaine, a Class D felony, and Possession of Marijuana, a Class A Misdemeanor, Clark was found guilty and sentenced on September 16, 1997, to a total of ten years imprisonment. The trial court suspended eight and a half years of the sentence, credited Clark with 173 days served and placed him on probation for three years.[1] Clark initiated an appeal of his convictions and on February 23, 1998, filed the record of proceedings.

On April 20, 1998, a notice of probation violation, alleging three separate violations, was filed in the trial court.[2] Following a hearing on July 23, 1998, but before Clark's direct appeal was decided, the trial court revoked Clark's probation and imposed the executed sentence. Although Clark appealed the revocation of his probation, it was eventually dismissed. On February 17, 1999, Clark's conviction was affirmed by this court in a memorandum decision.

On April 14, 1999, Clark filed an Ind. Trial Rule 60(B)(6) Motion to Vacate Order Revoking Probation. In his motion,

handgun, that Clark failed to maintain full-time employment and failed to make a good faith effort to pay his court-ordered debt. Record at 109.

Clark argued that because the record of proceedings for the direct appeal had been filed with this court, the trial court no longer had subject matter jurisdiction over his case and therefore, was not able to consider the alleged probation violation. The trial court denied Clark's motion and this appeal ensued.

### Discussion and Decision

T.R. 60(B)(6) provides that a court may relieve a party from a final order or final judgment if the judgment is void. According to Clark, the order revoking his probation is void because at the time the court entered the order, the direct appeal was pending before this court, and therefore, the trial court no longer had subject matter jurisdiction over his case.

Initially, we note that there is no evidence that Clark was admitted to bail pending the appeal of his conviction. *See* I.C. § 35–33–9–1 ("A person convicted of an offense who has appealed or desires to appeal the conviction may file a petition to be admitted to bail pending appeal."). As a result, the judgment of his conviction was not stayed and his sentence began to run from the time of sentencing. *See* I.C. § 35–33–9–5(a) ("Whenever any defendant is admitted to bail under the provisions of this chapter, the judgment of conviction shall be stayed until the appeal is disposed of."); I.C. § 35–38–3–2(d) ("A term of imprisonment begins on the date sentence is imposed, unless execution of the sentence is stayed according to law.").[3] Therefore, we limit our discussion to the particular circumstances of this case where the execution of a defendant's sentence has not been stayed and the defendant has begun serving his sentence pending the appeal.[4]

A trial court has statutory authority to revoke a defendant's probation and order an executed sentence if a defendant violates the conditions of his probation at any time during the probationary period. *See* I.C. § 35–38–2–3(g) ("If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may ... order execution of the sentence that was suspended at the time of initial sentencing."). However, as a general rule, once an appeal is perfected the trial court loses subject matter jurisdiction over the case. *See Bradley v. State*, 649 N.E.2d 100, 106 (Ind.1995), *reh'g denied*; *see also* Ind. Appellate Rule 3(A) (stating that every appeal is deemed submitted and appellate court has acquired general jurisdiction on the date the record of proceedings is filed with the clerk of the court). A judgment made when the court lacks subject matter jurisdiction is void. *Bradley*, 649 N.E.2d at 106.

Although Clark does not refer us to a specific case discussing the trial court's power to revoke probation when the direct appeal is pending, under different circumstances this court, as well as our supreme court, has found certain orders void because the trial court had been divested of jurisdiction during an appeal. *See, e.g., Timmons v. State*, 543 N.E.2d 642, 643 (Ind.1989) (trial court did not have jurisdiction to retry defendant as habitual offender and enhance sentence by thirty years after initial habitual offender finding was reversed on appeal, while propriety of sentence imposed after remand was still

---

**3.** The execution of a sentence may also be stayed where a defendant is sentenced to death or "the judgment is for a fine and costs only" and the trial court enters an order staying execution of the sentence. *See* I.C. § 35–38–4–6.

**4.** Some courts in other jurisdictions have suggested that a court may not revoke probation where a stay has been entered. *See, e.g., Loeb v. State*, 387 So.2d 433, 436 (Fla.App.1980)

(noting that the trial court does not have jurisdiction to conduct probation revocation hearing during pending appeal of order which had been stayed), *reh'g denied*; *State v. Albe*, 148 Ariz. 87, 713 P.2d 288, 290 (App. 1984) (stating that although trial court may revoke probation during pending appeal, trial court may not be permitted to retain jurisdiction to revoke defendant's probation where stay of sentence has been ordered).

pending before supreme court); *Bright v. State*, 259 Ind. 495, 496, 289 N.E.2d 128, 129 (1972) (once defendant filed appeal, entire cause was removed from trial court, precluding trial court from ruling on motion for post-conviction relief);[5] *Powers v. State*, 579 N.E.2d 81, 83 (Ind.Ct.App.1991) (trial court did not have jurisdiction to retry defendant after convictions were vacated on appeal when State's petition for rehearing was still pending before appellate court), *trans. denied*; *Beard v. State*, 176 Ind.App. 348, 350, 375 N.E.2d 270, 271 (1978) (trial court did not have jurisdiction to entertain petition for belated supplemental motion to correct errors when appeal already had been perfected). The policy underlying the rule is to facilitate efficient presentation and disposition of the appeal and prevent the simultaneous review of a judgment by both a trial and appellate court. *Powers*, 579 N.E.2d at 83.

While we recognize the general rule, we also note that certain exceptions have been created, permitting a trial court to retain jurisdiction notwithstanding an appeal. *Bradley*, 649 N.E.2d at 106. For example, a trial court may retain jurisdiction to reassess costs, correct the record, enforce a judgment, continue with a trial during an interlocutory appeal concerning venue, or preside over matters which are independent of and do not interfere with the subject matter of the appeal. *Id.* In *Bradley*, the court found that the trial court retained jurisdiction to proceed with the criminal trial during the pending appeal of the denial of bail, because the bail appeal was entirely independent of the trial and the trial would not intermeddle with the subject matter of the appeal. *Id.*

Here, we find the reasoning of *Bradley* applicable. The direct appeal is independent of the probation revocation hearing. The probation revocation hearing does not occur until after the criminal trial has been completed and the sentence imposed; it is civil in nature and requires a different level of proof. *See* I.C. § 35–38–2–3(e) (requiring state to prove violation by a preponderance of the evidence); *Morgan v. State*, 691 N.E.2d 466, 468 (Ind. Ct.App.1998) (noting that probation revocation hearing is civil in nature). Further, an appeal from an order revoking probation may be taken apart from the criminal trial. *See* IND.CODE § 35–38–2–3(i) (noting that a court's order revoking probation is a final appealable order).

Additionally, the probation revocation hearing will not intermeddle with the subject matter of the criminal appeal. The only possible issues which the appellate court could have addressed were those surrounding the conviction and sentence. An order revoking probation would have changed only the nature of the sentence and not the sentence itself. *See Morgan*, 691 N.E.2d at 468 (noting that the sole question to be determined during revocation hearing is whether defendant should be permitted to "remain conditionally free, given evidence of repeated antisocial behavior," or serve the executed sentence); *see also* IND.CODE § 35–38–2–3(g)(3) (permitting the court to order execution of the sentence imposed at the time of sentencing if court finds violation of condition of probation). Finally, allowing the probation revocation hearing to proceed does not contravene the policy of the rule. Efficient presentation and disposition of the appeal is secured and there is no possibility of simultaneous review of the matters under appeal by the trial and appellate court. Because the trial court retained

---

5. Since *Bright* our supreme court has held that where a defendant seeks to file a petition for post-conviction relief while an appeal is pending, he may obtain leave from the appellate court when the appellate court can find that the basis for relief sought in the petition has a substantial likelihood of securing relief in the trial court and the relief has a substantial likelihood of rendering moot the issues raised on direct appeal. *Davis v. State*, 267 Ind. 152, 368 N.E.2d 1149 (1977). *See also Woods v. State*, 701 N.E.2d 1208, 1219 (Ind. 1998) (confirming vitality of *Davis* procedure), *reh'g denied, cert. denied*, —— U.S. ——, 120 S.Ct. 150, 145 L.Ed.2d 128.

jurisdiction to conduct the probation revocation hearing while his appeal was pending, the order revoking probation was not void. Consequently, the trial court did not erroneously deny Clark's motion for relief from judgment.

Judgment affirmed.

DARDEN, J., and FRIEDLANDER, J., concur.