Rockie L. **JERNIGAN**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 18A02–0805–PC–451.

Court of Appeals of Indiana.

Oct. 15, 2008.

Rockie L. Jernigan, Bunker Hill, IN, pro se.

Steve Carter, Attorney General of Indiana, Matthew Whitmire, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Rockie L. Jernigan ("Jernigan") appeals the order of the Delaware Circuit Court denying his "Motion for Earned, Good Time Credit." Concluding that the trial court lacked jurisdiction to rule on Jernigan's motion, we dismiss.

**Facts and Procedural History**

On July 9, 2005, Jernigan was arrested and subsequently charged in Cause No. 18C01–0507–FA–07 ("Cause FA–07") with Class A felony dealing in cocaine and alleged to be an habitual offender. Jernigan was released from jail, and on August 25, 2005, sold cocaine to a confidential informant and resisted arrest. As a result, the State charged Jernigan in Cause No. 18C01–0509–FB–24 ("Cause FB–24") with Class B felony dealing in cocaine, Class D felony resisting law enforcement, and again alleged that Jernigan was an habitual offender.

On March 21, 2007, Jernigan entered into a plea agreement whereby he would plead guilty to Class B felony possession of cocaine in Cause FA–07 and to Class B felony dealing in cocaine in Cause FB–24. In exchange, the State dismissed the remaining charges and the habitual offender allegations. The plea agreement also stated that there would be a twenty-four year cap on Jernigan's sentence, but otherwise left sentencing to the discretion of the trial court. On August 20, 2007, the trial court accepted the plea agreement and sentenced Jernigan to the advisory term of ten years on each conviction, to be served consecutively.

The trial court's sentencing order stated that, in Cause FA–07, "Defendant is given credit for 735 actual days served in jail. The Court classifies this time as 'Class I' credit." Appellant's App. p. 50. The abstract of judgment in Cause FA–07 similarly states, "No. of days confined prior to sentencing: 735 days Class I time." *Id.* at 76. With regard to Cause FB–24, the trial court's sentencing order stated, "The Court does not grant any credit for time served in Cause [FB–24], as the Court granted all credit for time served under Cause [FA–07]." *Id.* at 52. The abstract of judgment in Cause FB–24 similarly states, "No. of days confined prior to sentencing: zero." *Id.* at 92.

On September 14, 2007, Jernigan filed a notice of appeal, challenging the appropriateness of the sentences imposed by the trial court. On September 14, 2007, the trial court clerk issued its Notice of Com-

pletion of the Clerk's Record. Despite his pending appeal, Jernigan, acting *pro se,* filed a "Petition for Jail Time Credit" and a "Motion to Correct Erroneous Sentence" on February 27, 2008. The trial court denied these on March 7, 2008.

Undeterred, Jernigan then filed a "Motion for Earned, Good Time Credit," on March 20, 2008. This motion, like his earlier filings, claimed that the trial court had improperly failed to include in the sentencing order or the abstracts of judgment the "good credit time" Jernigan had earned while in jail prior to sentencing and that the trial court had erred in applying the jail time credit only to Cause FA–07. The trial court denied this motion on March 27, 2008.[1] On April 10, 2008, Jernigan initiated the current appeal by filing a notice of appeal from the trial court's March 27 ruling.

### Discussion and Decision

■ Although not raised by either party, we conclude that the trial court did not have jurisdiction to rule on the motion from which Jernigan now appeals. Subject matter jurisdiction cannot be waived, and courts at all levels are required to consider the issue *sua sponte. Watkins v. State,* 869 N.E.2d 497, 499 (Ind.Ct.App. 2007).

■ As set forth above, Jernigan filed his Motion for Earned, Good Time Credit after the trial court clerk had issued its Notice of Completion of the Clerk's Record in Jernigan's direct appeal of his sentences following the guilty plea. Pursuant to Indiana Appellate Rule 8, "The Court on Appeal acquires jurisdiction on the date the trial court clerk issues its Notice of Completion of Clerk's Record." *See also Clark v. State,* 727 N.E.2d 18, 20 (Ind.Ct.

App.2000) (once an appeal is perfected, trial court loses subject matter jurisdiction over the case), *trans. denied.* A judgment made when the court lacks subject matter jurisdiction is void. *Id.* The policy underlying the rule is to facilitate the efficient presentation and disposition of the appeal and to prevent the simultaneous review of a judgment by both a trial and appellate court. *Id.* at 21.

■ Thus, as a general rule, the trial court here did not have jurisdiction over the case after September 14, 2007. However, there are exceptions to this general rule which permit the trial court to retain jurisdiction notwithstanding an appeal. *Id.* "For example, a trial court may retain jurisdiction to reassess costs, correct the record, enforce a judgment, continue with a trial during an interlocutory appeal concerning venue, or preside over matters which are independent of and do not interfere with the subject matter of the appeal." *Id.; see also Bradley v. State,* 649 N.E.2d 100, 106 (Ind.1995) (holding that trial court retained jurisdiction to proceed with criminal trial during pending appeal of denial of bail, because the bail appeal was entirely independent of the trial and would not intermeddle with the subject matter of the appeal); *Clark,* 727 N.E.2d at 21 (holding that trial court retained jurisdiction to proceed with probation revocation hearing during pendency of direct appeal from drug convictions, because appeal was entirely independent of revocation proceeding).

Here, the ruling which Jernigan now seeks to appeal was a denial of his motion to correct what he claims are errors in the sentencing order and abstracts of judgment. But at the time Jernigan filed his

---

1. The day after the trial court denied Jernigan's motion, this court issued a memorandum decision in Jernigan's direct appeal affirming the trial court's sentencing decision. *Jernigan v. State,* No. 18A05–0709–CR–535,

883 N.E.2d 897 (Ind.Ct.App. Mar. 28, 2008). We denied Jernigan's petition for rehearing on June 3, 2008, and the opinion was certified on July 16, 2008.

motion, he had a pending appeal which challenged the appropriateness of his sentences. And, unlike the matters before the court in *Bradley* and *Clark*, the matter presented to the trial court by Jernigan's motion was not independent of the issue Jernigan presented in his direct appeal, i.e. the appropriateness of his sentences. Instead, the issues presented in Jernigan's direct appeal and in his motion are interrelated. Indeed, Jernigan's trial court motions sought to modify a sentencing order which was being appealed at the time he filed his motions.

We therefore conclude that the trial court, after the trial court clerk issued its Notice of Completion of Clerk's Record, was without jurisdiction to rule on any motion attacking the sentencing order. The trial court's ruling on Jernigan's Motion for Earned, Good Time Credit is therefore void. *See Clark,* 727 N.E.2d at 20. Because Jernigan's current appeal is from a void order, we hereby set aside that order and dismiss the current appeal.[2] *See Watkins,* 869 N.E.2d at 500.

Dismissed.

BAKER, C.J., and BROWN, J., concur.

Oct. 16, 2008.

---

2. Even though we dismiss the appeal, we note that Jernigan's current appellate arguments are meritless. He first claims that the trial court's sentencing order and abstracts of judgment should have indicated not only the number of days he actually served in jail, but also any good time credit. However, our supreme court has repeatedly held that "[i]f the actual sentencing judgment reports the number of days of confinement before sentencing, this 'shall be understood by the courts and the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentencing confinement days.' " *Jackson v. State,* 806 N.E.2d 773, 774 (Ind.2004) (quoting *Rob-*inson *v. State,* 805 N.E.2d 783, 792 (Ind. 2004)). Jernigan also claims that the trial court should have applied his jail time credit to both of his consecutive sentences. It is well settled that where a defendant incarcerated awaiting trial on more than one charge is sentenced to concurrent terms for the separate crimes, he is entitled to have credit time applied against each separate term, but " 'where he receives consecutive terms he is only allowed credit time against the total or aggregate of the terms.' " *Jones v. State,* 775 N.E.2d 322, 333 (Ind.Ct.App.2002) (quoting *Stephens v. State,* 735 N.E.2d 278, 284 (Ind. Ct.App.2000), *trans. denied* ).