# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**ROBERT B. TURNER**
LEE & FAIRMAN, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SEGUN RASAKI | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1307-CR-330 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben Hill, Judge
Cause No. 49F18-1203-FD-013401

**February 18, 2014**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Following a bench trial, Segun Rasaki ("Rasaki") was convicted of Class D felony sexual battery and Class B misdemeanor battery in Marion Superior Court. On appeal, Rasaki claims that the State failed to produce evidence sufficient to support his convictions. Concluding, *sua sponte*, that Rasaki's appeal is untimely, we dismiss.

**Facts and Procedural History**

On March 3, 2012, the State charged Rasaki with Class D felony sexual battery and Class B misdemeanor battery. The State subsequently amended the charge to include another count of Class B misdemeanor battery. A bench trial was held on September 17, 2012. At the conclusion of the evidence and argument, the trial court took the matter under advisement. On September 25, 2012, the trial court found Rasaki guilty of Class D felony sexual battery and Class B misdemeanor battery. The trial court found Rasaki not guilty of the other count of battery, concluding that it was "subsumed" by the Class D felony sexual battery conviction.

Rasaki filed a motion for extension of time on October 17, 2012, seeking an extension of time to permit his recently-hired counsel to review the record for purposes of filling a motion to correct error or a post-conviction petition. The trial court granted this request the same day, setting the sentencing hearing for November 26, 2012.

At the November 26 sentencing hearing, the trial court sentenced Rasaki to concurrent terms of 545 days on the Class D felony conviction and 180 days on the Class B misdemeanor conviction. The trial court ordered that Rasaki serve 120 days executed, 245 days of home detention through community corrections, and 180 days suspended to probation. Rasaki filed a motion to correct error that same day, claiming there was

insufficient evidence to support his convictions. Rasaki then filed a petition for post-conviction relief on November 27, 2012. On November 30, 2012, the trial court granted Rasaki's motion to stay sentence pending appeal. The State responded to Rasaki's motion to correct error on December 11, 2012. On February 15, 2013, the trial court denied Rasaki's motion to correct error.

Rasaki did not file a notice of appeal within thirty days of the trial court's order denying his motion to correct error, as required by Indiana Appellate Rule 9(A). According to the CCS, on March 1, 2013, Rasaki filed a motion for extension of time. The trial court ruled on Rasaki's motion on March 4, 2013, and the trial court's CCS entry for this ruling states that Rasaki's motion was "GRANTED UNTIL 4-16-13 UNTIL RULING ON PCR." Appellant's App. p. 12. The actual motion filed on March 1 and the trial court's order thereon do not appear to be in the record before us. But based on information from Rasaki's subsequent motions, it is apparent that this motion sought to extend the time for the filing of his notice of appeal.

On April 8, 2013, Rasaki filed a "Second Motion for Enlargement of Time," even though, by our count, this was actually his third motion for enlargement of time. Appellant's App. p. 55. In this motion, Rasaki acknowledged that the trial court denied his motion to correct error on February 14, 2013 and that he was therefore "required to file his Appeal within thirty (30) days of said Order." Id. The motion then states:

> 5. On February 28, 2013, Defendant filed a Request for Enlargement of Time within which to file his appeal pending the hearing on Defendant's Petition for Post Conviction relief which was then scheduled for March 25, 2013, at 8:30 a.m.; however all Court cases for March 25, 2013, were cancelled because all city/county offices were closed because of snow.

6. That Defendant's hearing on the Petition for Post Conviction Relief is now scheduled for April 18, 2013, at 9:30 a.m. and therefore Defendant requires additional time based upon the snow delay, as to permit the Court to rule on the Petition for Post Conviction Relief, evaluate such and file his Appeal.

7. That Defendant requests additional time until May 18, 2013, to receive and evaluate the Court's ruling following the upcoming hearing on April 18, 2013. . . .

Id.

The trial court granted Rasaki's motion for enlargement of time on April 8, 2013, and set the post-conviction hearing for April 18, 2013. The magistrate who was to preside at this hearing, however, had to recuse, and the post-conviction hearing was rescheduled for June 10, 2013. Accordingly, on May 5, 2013, Rasaki filed another motion for enlargement of time, "as to permit the Court to rule on the Petition for Post Conviction Relief" and permit Rasaki to "evaluate such and file his Appeal." Id. at 58. Rasaki requested until July 10, 2013, to file his appeal. The trial court granted this motion on May 7, 2013.

On June 10, 2013, the trial court held a hearing on Rasaki's post-conviction petition, but had yet to rule on the motion as July 10, 2013, approached. Rasaki therefore filed yet another motion for enlargement of time on July 8, 2013, requesting "additional time until October 5, 2013 to evaluate [the trial court's post-conviction ruling] and file his Appeal." Id. at 62. The trial court denied this motion on July 15, 2013. Rasaki, however, had already filed a notice of appeal on July 10, 2013.

**Discussion and Decision**

Neither party raises the issue of the timeliness of this appeal. Nevertheless, the lack of appellate jurisdiction can be raised at any time, and even if the parties do not

4

question subject matter jurisdiction, we may consider the issue *sua sponte*. Bohlander v. Bohlander, 875 N.E.2d 299, 301 (Ind. Ct. App. 2007) (citing Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003)), trans. denied; see also Jernigan v. State, 894 N.E.2d 1044, 1046 (Ind. Ct. App. 2008). The timely filing of a notice of appeal is a jurisdictional prerequisite, and the failure to conform to the applicable time limits results in forfeiture of an appeal. Id. We therefore address the timeliness of Rasaki's appeal as a threshold issue.

> Indiana Appellate Rule 9(A)(1) provides:
>
> A party initiates an appeal by filing a Notice of Appeal with the Clerk (as defined in Rule 2(D)) within thirty (30) days after entry of a Final Judgment is noted in the Chronological Case Summary. However, if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion is noted in the Chronological Case Summary or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first.

Appellate Rule 9(A)(5) provides that "[u]nless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by [Post-Conviction Rule] 2." Because Rasaki's motion to correct error was denied on February 15, 2013, his notice of appeal was due no later than March 18, 2013.[1] His failure to do so results in forfeiture of his right to appeal.

Rasaki did not file a motion for a belated appeal pursuant to Post-Conviction Rule 2, which could have allowed him to appeal. Instead, he filed numerous motions for enlargement of time under Trial Rule 6(B). This rule provides:

---

[1] Thirty days from February 15, 2013, was March 17, 2013, which is a Sunday. Therefore, the notice of appeal was due the following Monday, March 18, 2013. See Ind. Appellate Rule 25(B).

**(B) Enlargement**. When an act is required or allowed to be done at or within a specific time *by these rules*, the court may at any time for cause shown:

(1) order the period enlarged, with or without motion or notice, if request therefor is made before the expiration of the period originally prescribed or extended by a previous order; or

(2) upon motion made after the expiration of the specific period, permit the act to be done where the failure to act was the result of excusable neglect; but, the court may not extend the time for taking any action for judgment on the evidence under Rule 50(A), amendment of findings and judgment under Rule 52(B), to correct errors under Rule 59(C), statement in opposition to motion to correct error under Rule 59(E), or to obtain relief from final judgment under Rule 60(B), except to the extent and under the conditions stated in those rules.

Ind. T.R. 6(B) (emphasis added).

This rule, by its own terms, applies only to the Rules of Trial Procedure, not the Rules of Appellate Procedure. As Professor Harvey has noted, Trial Rule 6(B) "is designed to provide relief from a condition that is *less than a final order or judgment* (for which relief might become available under T.R. (60))." 1 Indiana Practice, Rules Of Procedure Annotated, Rule 6 (3d ed.); see also id., Notes of Advisory Committee on Amendments to Rules (noting that Rule 6 is not meant to enlarge "the time fixed by law for taking an appeal.").

It is apparent that Rasaki sought the extension of time so that he could first seek post-conviction relief. However, there is already a well-established procedure to follow for a defendant who wishes to seek post-conviction relief before taking direct appeal. As this court explained in Slusher v. State, 823 N.E.2d 1219, 1222 (Ind. Ct. App. 2005):

[W]here it is necessary on appeal to develop an additional evidentiary record to evaluate the reasons for trial counsel's [alleged] error, *the proper procedure is to request that the appeal be suspended or terminated so that a more thorough record may be compiled through the pursuit of post-conviction proceedings*. This procedure for developing a record for appeal

is more commonly known as the Davis/Hatton procedure. See Hatton v. State, 626 N.E.2d 442, 443 (Ind. 1993); Davis v. State, 267 Ind. 152, 368 N.E.2d 1149, 1151 (1977). As we explained, the Davis/Hatton procedure involves a termination or suspension of a direct appeal already initiated, upon appellate counsel's motion for remand or stay, to allow a post-conviction relief petition to be pursued in the trial court. If the appellate court preliminarily determines that the motion has sufficient merit, the entire case is remanded for consideration of the petition for post-conviction relief. If, after a full evidentiary hearing the post-conviction relief petition is denied, the appeal can be reinitiated. Thus, in addition to the issues initially raised in the direct appeal, the issues litigated in the post-conviction relief proceeding can also be raised. This way, a full hearing and record on the issue will be included in the appeal. If the petition for post-conviction relief is denied after a hearing, and the direct appeal is reinstated, the direct appeal and the appeal of the denial of post-conviction relief are consolidated.

Slusher, 823 N.E.2d at 1222 (some citations omitted) (emphasis added).

Accordingly, if Rasaki wished to bring a petition for post-conviction relief prior to pursuing a direct appeal, the proper course of action would have been to timely file his notice of appeal, then file a Davis/Hatton motion to suspend his direct appeal during the post-conviction process. But he did not do this. Instead, he improperly sought to extend the thirty-day deadline of Appellate Rule 9(A) by filing a motion for enlargement of time under Trial Rule 6(B), and the trial court improperly granted these motions. But as noted above, Trial Rule 6(B) applies only to time limits imposed under the Trial Rules. Under Appellate Rule 9(A), Rasaki's notice of appeal was due not later than thirty days after the trial court's February 15, 2013, ruling on his motion to correct error, i.e., March 18, 2013. Rasaki's notice of appeal was not filed until July 10, 2013, well beyond this deadline. Accordingly, Rasaki forfeited his right to appeal.[2]

---

[2] This does not leave Rasaki without remedy. He may still petition the trial court for permission to file a belated notice of appeal pursuant to Post-Conviction Rule 2, if he: (1) failed to timely file a notice of

7

This is not a mere technicality. Because Rasaki's notice of appeal was untimely, we are without jurisdiction to hear his appeal. See Jernigan, 894 N.E.2d at 1046. We must therefore dismiss Rasaki's appeal as untimely.

Dismissed.

BRADFORD, J., and PYLE, J., concur.

---

appeal, (2) was not at fault for this failure, and (3) was diligent in requesting permission to file a belated notice of appeal. See Post-Conviction Rule 2(1)(a).