## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Mar 31 2015, 10:10 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Rodney S. Perry, Sr.
Michigan City, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rodney S. Perry, Sr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 31, 2015 <br><br> Court of Appeals Case No. <br> 45A03-1412-CR-448 <br><br> Appeal from the Lake Superior <br> Court <br><br> The Honorable Natalie Bokota, <br> Judge Pro Tempore <br><br> The Honorable Kathleen A. <br> Sullivan, Magistrate <br><br> Cause No. 45G02-9701-CF-2 |

**Najam, Judge.**

## Statement of the Case

[1]     Rodney S. Perry, Sr. appeals the trial court's order in which the court refused to

allow Perry to file a motion to correct erroneous sentence. In particular, the

trial court stated that it was without jurisdiction to consider the motion because

Perry "had previously filed a similar pleading" and had appealed the court's order denying that motion, which appeal was still pending. Appellant's App. at 55. Still, Perry frames the issue here as whether the trial court erred when it *denied* his motion to correct erroneous sentence. But the order makes clear that the court *refused to permit Perry to file the motion entirely* and did not consider it on its merits. Because the trial court correctly determined that it lacked jurisdiction to consider the motion, we affirm.

## Facts and Procedural History

[2]     The underlying facts were summarized in Perry's direct appeal as follows:

> On January 6, 1997, Perry broke into the house of his estranged wife, Marsheila Perry, after his mother-in-law, Florida Clark, refused to let him in. Marsheila struck Perry with a baseball bat, but Perry then took the bat away. When Clark attempted to make a phone call, Perry struck her in the head with the bat at least four times. He then struck Marsheila in the head with the bat at least five times. Both Clark and Marsheila died. Perry's three children were present when he killed Clark and Marsheila.
>
> The State charged Perry with two counts of murder. On June 26, 1997, Perry agreed to plead guilty to two counts of Class A felony voluntary manslaughter. The agreement left sentencing entirely to the trial court's discretion[.]
>
> On July 24, 1997, the trial court sentenced Perry to thirty-five years for each voluntary manslaughter conviction, to be served consecutively for a total sentence of seventy years[.]

*Perry v. State*, 845 N.E.2d 1093, 1094-95 (Ind. Ct. App. 2006) ("*Perry I*").

[3] Perry subsequently filed a petition for post-conviction relief, which the post-conviction court denied. We affirmed the post-conviction court on appeal. *Perry v. State*, 904 N.E.2d 302 (Ind. Ct. App. 2009) ("*Perry II*").

[4] Thereafter, on August 19, 2014, Perry filed a pro se motion to correct erroneous sentence. The trial court summarily denied that motion, and, on September 16, Perry filed a notice of appeal. That appeal is currently pending with this court. Notwithstanding the pending appeal, on November 20, 2014, Perry filed another pro se motion to correct erroneous sentence. The trial court refused to allow Perry to file that motion, stating that it lacked jurisdiction because Perry had "previously filed a similar pleading, which that matter [sic] is currently on appeal." Appellant's App. at 55. This appeal ensued.[1]

## Discussion and Decision

[5] We note that the State has not filed an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing the appellee's arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes prima facie error. *Zoller v. Zoller*, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of

---

[1] It is well settled that a litigant who chooses to proceed pro se will be held to the same rules of procedure as trained legal counsel and must be prepared to accept the consequences of his action. *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004).

reversal where that burden properly rests with the appellee. *Wright v. Wright*, 782 N.E.2d 363, 366 (Ind. Ct. App. 2002).

[6] Here, Perry filed a motion to correct erroneous sentence on August 19, 2014, and filed a notice of appeal after the trial court summarily denied that motion. On September 30, the trial court clerk issued its notice of completion of clerk's record. In *Jernigan v. State*, 894 N.E.2d 1044, 1046 (Ind. Ct. App. 2008), we reiterated that,

> [p]ursuant to Indiana Appellate Rule 8, "[t]he Court on Appeal acquires jurisdiction on the date the trial court clerk issues its Notice of Completion of Clerk's Record." *See also Clark v. State*, 727 N.E.2d 18, 20 (Ind. Ct. App. 2000) (once an appeal is perfected, trial court loses subject matter jurisdiction over the case), *trans. denied*. A judgment made when the court lacks subject matter jurisdiction is void. *Id.* The policy underlying the rule is to facilitate the efficient presentation and disposition of the appeal and to prevent the simultaneous review of a judgment by both a trial and appellate court. *Id.* at 21.
>
> . . . . However, there are exceptions to this general rule which permit the trial court to retain jurisdiction notwithstanding an appeal. *Id.* "For example, a trial court may retain jurisdiction to reassess costs, correct the record, enforce a judgment, continue with a trial during an interlocutory appeal concerning venue, or preside over matters which are independent of and do not interfere with the subject matter of the appeal." *Id.*; *see also Bradley v. State*, 649 N.E.2d 100, 106 (Ind. 1995) (holding that trial court retained jurisdiction to proceed with criminal trial during pending appeal of denial of bail, because the bail appeal was entirely independent of the trial and would not intermeddle with the subject matter of the appeal); *Clark*, 727 N.E.2d at 21 (holding that trial court retained jurisdiction to proceed with

probation revocation hearing during pendency of direct appeal from drug convictions, because appeal was entirely independent of revocation proceeding).

[7] Here, when Perry filed his second motion to correct erroneous sentence on November 20, 2014, he had a pending appeal from the trial court's denial of his first motion to correct erroneous sentence. And, unlike the matters before the court in *Bradley* and *Clark*, the matter presented to the trial court by Perry's motion was not independent of the issue Perry presented in the pending appeal. Instead, the issue presented in Perry's pending appeal is identical to the issue presented in his November 20, 2014, motion to correct erroneous sentence.

[8] By operation of Appellate Rule 8, then, this court had jurisdiction over the subject matter of his motion to correct erroneous sentence on September 30, 2014. Accordingly, when Perry filed his second motion to correct erroneous sentence on November 20, the trial court correctly determined that it was without jurisdiction to consider the subject matter of that motion.

[9] Affirmed.

Baker, J., and Friedlander, J., concur.