## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 08 2016, 7:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Bryan L. Ciyou
Darlene R. Seymour
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Matthew A. Burkert
Danville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Middleton,

*Appellant-Respondent,*

V.

Paula Pyatte,

*Appellee-Petitioner.*

June 8, 2016

Court of Appeals Case No.
32A05-1509-DR-1461

Appeal from the Hendricks
Superior Court

The Honorable Christopher L.
Burnham, Special Judge

Trial Court Cause No.
32D02-1401-DR-58

**Pyle, Judge.**

# Statement of the Case

In this contentious child support and custody case, Robert Middleton ("Father") appeals the trial court's August 7, 2015 order ("2015 Fee Order") in which the trial court ordered him to: (1) pay a portion of Paula Pyatte's ("Mother") appellate attorney fees; (2) pay a portion of the court-appointed Guardian Ad Litem's ("GAL") fees; and (3) either report to the county jail to serve time for contempt or purge himself of contempt by paying Mother overdue child support, uninsured medical expenses, and attorney fees by a set date. Father argues that the trial court lacked jurisdiction to enter this order because Father had a petition to transfer in a prior appeal pending with the Indiana Supreme Court. Because the first two issues considered by the trial court and addressed in the 2015 Fee Order were independent of, and did not interfere with, the subject matter of the pending petition to transfer, the trial court retained jurisdiction to determine them. The third issue before the trial court is now moot because Father complied with the trial court's order and purged himself of contempt.

We affirm.

# Issue

Whether the trial court had jurisdiction to enter the 2015 Fee Order.

# Facts

We set forth the relevant facts in Middleton's prior appeal as follows:

On January 14, 2010, the parties' marriage was dissolved and the trial court issued orders on custody, parenting time, and child support. . . . On January 3, 2013, [Mother] filed a motion requesting that [Father] show cause for failure to pay child support. . . . A hearing on the motion was set for March 7, 2013. [Father] filed and received a continuance postponing the hearing until June 24, 2013. On June 4, 2013, [Mother] filed a motion requesting a modification of custody and to appoint a guardian *ad litem* ("GAL"). On July 1, 2013, the trial court conducted the hearing on the issue of non-payment of child support and, in a subsequent order, appointed a GAL, found that [Father] was in arrears on his child support payments in the amount of $2270.00, held him in contempt, and set a hearing on the modification of custody for October 17, 2013. After [Father] filed a motion for continuance, the hearing on modification was reset for January 23, 2014. . . .

On January 17, 2014, the trial court judge, Mark A. Smith, recused himself and vacated the January 23, 2014 modification hearing. In his final order, Judge Smith noted the reasons for his recusal including that [Father] had made impliedly threatening statements and repeated allegations that Judge Smith, the GAL, the parenting time coordinator, and the attorneys had engaged in unethical and unlawful conduct. On January 29, 2014, Special Judge David H. Coleman was randomly selected and assigned to this case. On February 18, 2014, the trial court reset the modification hearing for April 25, 2014. Between April 17, and September 26, 2014, [Father] filed nine motions for continuance resulting in the modification hearing ultimately being rescheduled for December 3, 2014.

On June 11, 2014, [Mother] filed a motion requesting [Father] to show cause for nonpayment of child support and failure to reimburse unpaid medical bills. . . .

*Middleton v. Pyatte*, No. 32A01-1410-DR-431, *2-5 (Ind. Ct. App. Feb. 13, 2015).

[4] On September 18, 2014, the trial court held a hearing on the issues of child support and unpaid medical expenses and subsequently issued an order on September 22, 2014 holding Father in contempt ("2014 Contempt Order"). Specifically, the trial court ordered Father to serve 180 days in the county jail but stayed the sentence if Father purged himself of contempt by paying $6,431.00 in past due child support, $330.26 for uninsured medical expenses, and $1,000.00 in attorney fees to Mother's attorney within 45 days. On October 9, 2014, Father appealed the trial court's 2014 Contempt Order. Five days later, on October 14, 2014, the Notice of Completion of Clerk's Record was filed in our Court.

[5] In that appeal, this Court concluded that: (1) the trial court's order finding Father in contempt was not unlawful; (2) there was sufficient evidence to support the finding of contempt; and (3) Mother was entitled to appellate attorney fees. *Id.* Regarding the attorney fees, we explained that, in light of Father's "eleven motions for continuance in 2014 alone, several other seemingly frivolous motions, and repeated violations of court orders, we are inclined to agree with [Mother's] claims" that [Father's] appeal is frivolous, filed in bad faith and was pursued to further delay proceedings. *Id.* at 8. In addition, we found that that "[Father's] appeal ha[d] fulfilled every prerequisite of procedural bad faith" and that his "noncompliance with our rules of

appellate procedure [was] substantial, permeate[d] his entire brief, and ha[d] hindered our review of his contentions of error on appeal." *Id.* at 9-10. We therefore remanded the case to the trial court with instructions to calculate the amount of reasonable appellate attorney fees Mother was entitled to recover. *Id.* at 10.

[6] On April 16, 2015, Father filed a petition for rehearing. Six days later, on April 22, 2015, the trial court ordered Mother and Father to appear in court on July 24, 2015, for a hearing on pending motions and issues, including the "[a]ward of reasonable appellate attorney fees payable by [Father] to [Mother], as instructed by Court of Appeals in a memorandum decision handed down on 2-13-2015," "Guardian Ad Litem Petition for Fees payable by [Mother] and [Father], and "[e]nforcement of [o]rders and/or [s]anctions against [Father] for noncompliance with court orders." (App. 89). Six days later, on April 28, 2015, this Court denied Father's petition for rehearing. On May 28, 2015, Father was deemed to have filed a petition to transfer wherein he argued that (1) there was insufficient evidence to support the trial court's finding that he was in contempt; and (2) the trial court improperly applied the law of contempt to the facts of his case.

[7] While the petition for transfer was still pending, Mother and Father appeared for the July 24, 2015 hearing as ordered by the trial court. At the beginning of the hearing, the trial court explained that the first item to address was the determination of reasonable appellate attorney fees as ordered by this Court.

Father "raised[d] a standing objection to moving forward because the case [had not] been certified back and [it was] still in the Supreme Court [pending] transfer. . . ." (Tr. 4). Mother pointed out that Father's petition to transfer "did not mention anything about the appellate attorney fees." (Tr. 6).

[8] Mother's counsel testified that his hourly rate was $150.00, which he claimed was significantly lower than the usual and customary hourly rate charged by attorneys in the Indianapolis area with similar experience. Counsel further testified that he spent 89.9 hours preparing the appeal as well as $93 in printing and binding costs, which totaled $13,578 in appellate attorney fees. An affidavit revealed that the GAL was owed an unpaid balance of $6,290.00.

[9] Father testified that he is a self-employed handyman and that his average yearly gross income was between $25,000 and $28,000. He submitted tax records from 2012, 2013, and 2014, as well as business checking account records from March, April, May, and June 2015. Questioning whether Father had fully disclosed his financial records, the trial court ordered Father to produce information on two additional accounts. Father, however, specifically stated that his financial disclosure was complete.

[10] The trial court then proceeded to the issue of enforcement of orders and sanctions against Father for failing to comply with the trial court's 2014 Contempt Order. Father confirmed that he had not paid the past due child support, uninsured medical expenses, or attorney fees.

[11]    On August 7, 2015, before Father had disclosed any additional financial records, the trial court issued a detailed eight-page, single-spaced 2015 Fee Order wherein it ordered Father to: (1) pay Mother's attorney $7,468.00 in appellate attorney fees; (2) pay the court-appointed GAL $3,145.00; and (3) report to the county jail on September 8, 2015 or purge himself of contempt by paying (a) Mother $6,431.00 for unpaid child support and $333.26 for unpaid uninsured medical expenses; and (b) Mother's attorney $500.00 for attorney fees, all no later than noon on September 3, 2015. Six days later, on August 13, 2015, the Indiana Supreme Court denied transfer in Father's pending appeal. The case was certified on August 28, 2015. According to the Chronological Case Summary, Father paid all sums necessary to purge himself of contempt on August 31, 2015. He now appeals the trial court's 2015 Fee Order.

## Decision

[12]    At the outset we note that Mother has failed to file an appellee's brief.[1] When an appellee fails to submit a brief, we need not undertake the burden of developing an argument for the appellee. *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999). Applying a less stringent standard of review, we may reverse the trial court if the appellant can establish *prima facie* error. *Id.* However, we may in our discretion decide the case on the merits. *Kladis v.*

---

[1] Although Mother's counsel filed an appearance in this appeal, counsel did not tender an appellee's brief.

*Nick's Patio, Inc.*, 735 N.E.2d 1216, 1219 (Ind. Ct. App. 2000). We exercise our discretion here to consider the merits of the issues presented in this case.

## 1. Jurisdiction

[13] Father first argues that the trial court lacked jurisdiction to enter the 2015 Fee Order because there was a petition to transfer pending in the Indiana Supreme Court. We generally acquire jurisdiction over a matter on the date that the notice of completion of the clerk's record is noted in the Chronological Case Summary ("CCS"). Ind. Appellate Rule 8. Once an appeal has been perfected to this Court or the Indiana Supreme Court, the trial court has no further jurisdiction to act upon the judgment appealed from until the appeal has been terminated. *In re Guardianship of Hickman*, 811 N.E.2d 843, 848 (Ind. Ct. App. 2004), *reh'g denied, trans. denied*. This rule facilitates the orderly presentation and disposition of appeals and prevents the confusing and awkward situation of having the trial and appellate courts simultaneously reviewing the correctness of the judgment. *Id.* Here, the notice of completion of the clerk's record was noted in the CCS on October 14, 2014, and the case was certified on August 28, 2015, thereby terminating the appeal. Thus, Father is correct that as a general rule, the trial court did not have jurisdiction over the case when it entered its order on August 7, 2015.

[14] However, there are situations in which a trial court may retain jurisdiction over certain matters notwithstanding a pending appeal. *Id.* For example, a trial court retains jurisdiction to perform such ministerial tasks as reassessing costs, correcting the record, and enforcing a judgment. *Id.* The trial court may also

preside over matters that are independent of and do not interfere with the subject matter of the appeal. *Jernigan v. State*, 894 N.E.2d 1044, 1046 (Ind. Ct. App. 2008).

[15] For example, in *Bradley v. State*, 649 N.E.2d 100, 106 (Ind. 1995), the Indiana Supreme Court concluded that the trial court retained jurisdiction to proceed with a criminal trial pending the appeal of the denial of bail because the bail appeal was entirely independent of the trial and would not intermeddle with the subject matter of the appeal. Further, in *Clark v. State*, 727 N.E.2d 18, 21 (Ind. Ct. App. 2000), *trans. denied*, this Court concluded that the trial court retained jurisdiction to proceed with a probation revocation hearing during the pendency of a direct appeal from drug convictions because the appeal was entirely independent of the revocation proceedings. Here, as in *Bradley* and *Clark*, the trial court retained jurisdiction to proceed with determining appellate attorney and GAL fees during the pendency of the transfer petition because the transfer petition was entirely independent of these fees.

[16] We further note that, because Father complied with the trial court's order and purged himself of contempt, the issue of whether the trial court had jurisdiction to address the contempt issue is moot. *See Rainbow Cmty., Inc. v. Town of Burns Harbor,* 880 N.E.2d 1254, 1261 (Ind. Ct. App. 2008) (explaining that an issue is moot when: (1) it is no longer live or when the parties lack a legally cognizable interest in the outcome; (2) the principal questions in issue have ceased to be

matters of real controversy between the parties; or (3) the court on appeal is unable to render effective relief upon an issue).[2]

Affirmed.

Kirsch, J., and Riley, J., concur.

---

[2]Father further argues that even if the trial court had jurisdiction to enter the 2015 Fee Order, the trial court prematurely issued an order and deprived him of his due process rights without allowing him to present his entire case. However, our review of the transcript reveals that Father never told the trial court that he had additional evidence about his income. Rather, Father specifically told the trial court that his financial disclosure was complete. The issue is therefore waived. See *GKC Ind. Theaters, Inc. v. Elk Retail Investors, LLC,* 764 N.E.2d 647, 652 (Ind. Ct. App. 2002) (noting that a party generally waives appellate review of an issue unless it raises that issue at trial).