## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 21 2017, 5:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Silven Vires
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Silven Vires,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 21, 2017<br><br>Court of Appeals Case No.<br>36A01-1702-CR-367<br><br>Appeal from the Jackson Circuit Court<br><br>The Honorable Richard W. Poynter, Judge<br><br>Trial Court Cause No.<br>36C01-1403-FA-4 |

**Najam, Judge.**

## Statement of the Case

Silvan Vires appeals the trial court's denial of his motion for modification of placement. Vires raises one issue for review, which we restate as whether the trial court erred when it denied his motion for modification of placement. We hold that Vires appeals from an order that the trial court lacked jurisdiction to enter. Accordingly, we dismiss.

## Facts and Procedural History

On March 4, 2014, the State charged Vires with one count of dealing in methamphetamine, as a Class A felony; one count of possession of methamphetamine, as a Class C felony; one count of possession of marijuana, as a Class A misdemeanor; and one count of possession of paraphernalia, as a Class A misdemeanor. On December 11, Vires pleaded guilty to one count of dealing in methamphetamine, as a Class A felony, pursuant to a written plea agreement. In exchange, the State agreed to dismiss the remaining charges. The plea agreement also included a recommended sentence of twenty years, but otherwise left sentencing to the discretion of the trial court. On February 10, 2015, the trial court entered judgment of conviction and sentenced Vires to twenty years in the Indiana Department of Correction.

On July 25, 2016, after Vires had successfully completed a purposeful incarceration program, he filed a motion for modification of sentence. In his motion, Vires stated that, "if an offender successfully completes the [Therapeutic Community] program, the judge may choose to modify the

offender's sentence and return the offender to the community to receive treatment through existing community programs." Motion for Modification of Sentence due to Completion of the Purposeful Incarceration Program at 3.[1] On July 27, the trial court denied his motion. In its order denying the motion, the trial court stated that it could not modify the sentence without the State's consent. On August 26, Vires, proceeding *pro se*, filed a notice of appeal from that judgment. The Chronological Case Summary reflects that the trial court clerk entered the Notice of Completion of Clerk's Record on September 20. Appellant's App. at 9. Thereafter, on February 24, 2017, we dismissed Vires' appeal with prejudice because he had not timely filed an Appellant's Brief.

[4] Meanwhile, after the completion of the clerk's record in his appeal but before we dismissed, on January 27 Vires filed with the trial court a motion for modification of placement. In that motion, Vires stated that he had "successfully completed the Therapeutic Community in July of 2016," and he again requested that the trial court "consider a modification of the placement of [Vires'] executed sentence." Motion for Modification of Placement at 1-2. The trial court denied that motion on February 6. Vires now appeals the court's February 6 judgment.

---

[1] Vires excluded this and other relevant material from his appendix. But we take judicial notice of these, and we have obtained copies from Odyssey.

# Discussion and Decision

[5] Although not raised by either party, we conclude that the trial court did not have jurisdiction to rule on the motion from which Vires now appeals. "Subject matter jurisdiction cannot be waived, and courts are required to consider the issue *sua sponte*." *Watkins v. State*, 869 N.E.2d 497, 499 (Ind. Ct. App. 2007).

[6] As set forth above, Vires filed his motion for modification of sentence on January 27, 2017. He filed that motion after the Notice of Completion of the Clerk's Record had been noted in the CCS but before this court dismissed the appeal. In *Jernigan v. State*, 894 N.E.2d 1044, 1046 (Ind. Ct. App. 2008), we reiterated that,

> [p]ursuant to Indiana Appellate Rule 8, "[t]he Court on Appeal acquires jurisdiction on the date the trial court clerk issues its Notice of Completion of Clerk's Record." *See also Clark v. State,* 727 N.E.2d 18, 20 (Ind. Ct. App. 2000) (once an appeal is perfected, trial court loses subject matter jurisdiction over the case), *trans. denied.* A judgment made when the court lacks subject matter jurisdiction is void. *Id.* The policy underlying the rule is to facilitate the efficient presentation and disposition of the appeal and to prevent the simultaneous review of a judgment by both a trial and appellate court. *Id.* at 21.
>
> . . . However, there are exceptions to this general rule which permit the trial court to retain jurisdiction notwithstanding an appeal. *Id.* "For example, a trial court may retain jurisdiction to reassess costs, correct the record, enforce a judgment, continue with a trial during an interlocutory appeal concerning venue, *or preside over matters which are independent of and do not interfere with the subject matter of the appeal.*" *Id.*; *see also Bradley v. State,* 649 N.E.2d 100, 106 (Ind. 1995) (holding that trial court retained

jurisdiction to proceed with criminal trial during pending appeal of denial of bail, because the bail appeal was entirely independent of the trial and would not intermeddle with the subject matter of the appeal); *Clark,* 727 N .E.2d at 21 (holding that trial court retained jurisdiction to proceed with probation revocation hearing during pendency of direct appeal from drug convictions, because appeal was entirely independent of revocation proceeding).

(Emphasis added.)

[7] Here, the ruling that Vires now seeks to appeal was a denial of his motion to modify placement. But at the time Vires filed his motion, he had a pending appeal that challenged the trial court's denial of his motion to modify sentence. And the pending appeal had been perfected; we acquired jurisdiction over the issues raised in that appeal on September 20, 2016, when the Notice of Completion of Clerk's Record had been noted in the CCS. *See* Ind. Appellate Rule 8. Accordingly, as a general matter the trial court lacked subject matter jurisdiction over any further proceedings while that appeal was pending. *Jernigan*, 894 N.E.2d at 1046.

[8] Indeed, Vires' ensuing motion to modify placement was based on the same grounds and sought the same relief as the original motion to modify sentence, namely, in the motion to modify sentence, Vires requested that the trial court return him to the community based on his successful completion of the Therapeutic Community ("TC") program. Likewise, in his motion to modify placement, he requested that the trial court modify his placement based on his successful completion of the TC program. Thus, in both motions Vires sought a

modification of his placement based on his successful completion of the TC program. Had the trial court granted Vires' second request, it would have rendered moot Vires' pending appeal from the denial of his first request. But the trial court does not retain jurisdiction over matters that interfere with the subject matter of a perfected appeal. *Id.*

We therefore conclude that the trial court was without jurisdiction to entertain any motion that sought to modify Vires' sentence after the trial court clerk issued its Notice of Completion of Clerk's Record in the pending appeal. As such, the trial court's denial of Vires' motion to modify placement entered while this court had jurisdiction over Vires' appeal is void. *See Clark*, 727 N.E.2d at 20. Because Vires' current appeal is from a void order, we hereby set aside that order and dismiss the current appeal. *See, e.g.*, *Jernigan*, 894 N.E.2d at 1047.

Dismissed.

Kirsch, J., and Brown, J., concur.