## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 28 2018, 5:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Anthony C. Lawrence<br>Anderson, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Michael Gene Worden<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Lamar Vance,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 28, 2018<br><br>Court of Appeals Case No.<br>48A05-1707-CR-1708<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Thomas Newman, Jr., Judge<br><br>Trial Court Cause No.<br>48C03-1302-FB-384 |

**Pyle, Judge.**

# Statement of the Case

John Lamar Vance ("Vance") appeals the trial court's award of credit time following the termination of his in-home detention. Concluding that the trial court did not fully award Vance credit for the time that he spent on in-home detention, we reverse and remand with instructions for the trial court to award Vance 152 days of accrued time and 152 days of good time credit for the time that he spent on in-home detention from December 22, 2016 through May 22, 2017.

Reversed and remanded with instructions.

# Issue

> Whether the trial court failed to fully award Vance credit for the time he spent on in-home detention.

# Facts

In June 2014, Vance pled guilty to Class B felony unlawful possession of a firearm by a serious violent felon. Pursuant to the terms of a plea agreement, the trial court imposed a six (6) year executed sentence to be served on in-home detention. During the next three years, the State filed several "violation[s] of executed sentence," which alleged that Vance had failed drug and alcohol tests and had been arrested for Class A misdemeanor trespassing and Level 6 felony domestic battery and strangulation. (App. 30, 34, 39, 48, 50). In June 2017, the trial court terminated Vance's in-home detention and ordered him to serve his sentence at the Department of Correction ("DOC"). The trial court's order

specifically stated that "[c]redit [was] to be given as indicated on abstract of judgment filed with the Indiana [DOC]." (App. 61). That abstract of judgment did not account for accrued time or good time credit for a five month period beginning in December 2016. Vance had been on in-home detention during part of that time.

[4] In August 2017, Vance, represented by attorney Anthony Lawrence, filed a notice of appeal in this Court. On August 17, the Notice of Completion of Clerk's Record was filed, which conferred jurisdiction on this Court.[1] The case was fully briefed and transmitted to this Court on January 18, 2018.

---

[1]Four months later, on December 6, 2017, Vance, represented by counsel Bryan Williams, filed a request to modify the abstract of judgment for credit time, wherein he stated that he should receive additional credit on his abstract of judgment for time that he spent on in-home detention from December 22, 2016 to May 22, 2017. In support of his request, Vance submitted an account balance summary showing that he had served time on in-home detention from December 22, 2016 to May 22, 2017. On December 15, 2017, the trial court issued an order amending the abstract of judgment to include credit for Vance's in-home detention from December 22, 2016 to May 22, 2017. However, in *Jernigan v. State*, 894 N.E.2d 1044, 1046 (Ind. Ct. App. 2008), we explained that:

> Pursuant to Indiana Appellate Rule 8, 'The Court on Appeal acquires jurisdiction on the date the trial court clerk issues its Notice of Completion of Clerk's Record.' *See also Clark v. State*, 727 N.E.2d 18, 20 (Ind. Ct. App. 2000) (once an appeal is perfected, trial court loses subject matter jurisdiction over the case), *trans. denied*. A judgment made when the court lacks subject matter jurisdiction is void. *Id*. The policy underlying the rule is to facilitate the efficient presentation and disposition of the appeal and to prevent the simultaneous review of a judgment by both a trial and appellate court. *Id*. at 21.

Here, this Court acquired jurisdiction over the case to award credit time when the Notice of Completion of Clerk's Record was filed on August 17, 2016. The trial court therefore lacked subject matter jurisdiction over Vance's case on December 15, 2017, and its order issued on that day is void.

# Decision

[5] Vance argues that the trial court failed to fully award him credit for the time he spent on in-home detention. Specifically, Vance points to the abstract of judgment that was filed with the DOC following the termination of Vance's in-home detention, which did not account for accrued time or good time credit for the five-month period beginning in December 2016 and ending in June 2017. According to Vance, he had been on in-home detention during part of that time. The State "acknowledges that a criminal defendant is entitled to credit time for the days in which he is on in-home detention." (State's Br. 8). Specifically, a defendant who is placed directly in a local community corrections program, such as in-home detention, as an alternative to a DOC commitment is entitled to earn both accrued time credit and good time credit for the time served in the program. *Shepard v. State*, 84 N.E.3d 1171, 1173 (Ind. 2017) (citing IND. CODE § 35-38-2-6-6(c)). The State's sole response to Vance's argument is that Vance failed to set forth "how many days credit time is involved here." (State's Br. 9).

[6] However, our review reveals that Vance was on in-home detention from December 22, 2016 until May 22, 2017, which is 152 days. The abstract of judgment that was filed with the DOC following the termination of Vance's in-home detention did not include these days. We therefore instruct the trial court to award Vance 152 days of accrued time and 152 days of good time credit for the time that he spent on in-home detention from December 22, 2016 through May 22, 2017.

Reversed and remanded with instructions.

Kirsch, J., and Bailey, J., concur.