Rick R. SLUSHER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–0403–CR–143.

Court of Appeals of Indiana.

March 21, 2005.

Douglas M. Grimes, Douglas M. Grimes, PC, Gary, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Rick R. Slusher (Slusher), appeals his conviction for child molesting, as a Class C felony, Ind.Code § 35–42–4–3.

We remand.

### ISSUE

Slusher raises three issues on appeal, only one of which we find dispositive and which we restate as follows: whether Slusher's ineffective assistance of counsel claim can be remanded to the trial court for a *Davis/Hatton* proceeding.

### FACTS AND PROCEDURAL HISTORY

T.W., born on July 2, 1991, is the minor child of Andrea Slusher (Andrea). Andrea married Slusher when T.W. was approximately two years old. Subsequently, a son, B.S., was born out of the marriage between Andrea and Slusher. On the evening of June 4, 2002, when T.W. was ten years old, Andrea was working the night shift at a local company in Elkhart County, Indiana, while Slusher was home with both children. That evening, Slusher, T.W., and B.S. took coffee to Andrea while she was at work and briefly visited with her. After stopping at Taco Bell to pick up dinner, Slusher, T.W., and B.S. returned home.

At home, T.W. and B.S. entered their parents' bedroom to go to sleep. After a short time, Slusher came into the room and wrestled with the children before telling them it was time to calm down. As T.W. remained on the bed with Slusher lying next to her, B.S. left the room. Slusher reached under T.W.'s shirt and touched her breasts with his hand. When she attempted to leave the bed, Slusher grabbed her wrist and jerked her back. He then reached down T.W.'s pants and rubbed her vagina with his hand under her underwear. After removing his hand, Slusher proceeded to kiss T.W. on her neck, stomach, and lips. When Slusher rolled her on his stomach, the phone rang. As Slusher got up to answer the phone, T.W. went into her bedroom and shut the door.

The next morning, Andrea took T.W. to the home of Doreen Jones (Jones), T.W.'s babysitter. As T.W. entered the kitchen, she started crying and informed Jones what Slusher had done to her the previous night. After Jones notified T.W.'s grandmother and Andrea about her conversation with T.W., Andrea took her daughter to the police station to report the molestation. While they reported the crime, Slusher called Jones' home looking for Andrea, and then asked to speak to T.W. Even though Jones informed him that T.W. could not come to the phone, Slusher persisted in repeatedly calling Jones' home demanding to speak to T.W.

On March 23, 2003, the State filed an information, charging Slusher with child molestation as a Class C felony. On February 17 through February 18, 2004, a jury trial was held. At the close of the trial, the jury found Slusher guilty as charged. On March 11, 2004, the trial court held a sentencing hearing. At the end of the hearing, the trial court imposed a six-year executed sentence, with two years suspended.

On March 22, 2004, Slusher appealed. On January 29, 2005, after both parties filed their appellate briefs, Slusher filed his Motion to Remand to Trial Court to

Allow Appellant to Pursue a Petition for Post–Conviction Relief. On February 7, 2005, the State filed a Response in Opposition to [Appellant]'s Motion to Remand for Post–Conviction Proceedings, to which Slusher replied on February 10, 2005.

Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Slusher now contends that his Sixth Amendment right to counsel was violated because he failed to receive effective assistance of trial counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established a two-part test of incompetent performance and prejudice for adjudicating challenges to the effectiveness of trial representation. The competence prong presents a single overarching issue of whether trial counsel's performance as a whole fell below an objective standard of reasonableness based on prevailing professional norms. *Id.* at 697, 104 S.Ct. 2052. However, under *Strickland,* we do not need to determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Id.* To satisfy a showing of prejudice, Slusher must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Smith v. State,* 689 N.E.2d 1238, 1244 (Ind.1997).

■■■ Nevertheless, counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Saylor v. State,* 765 N.E.2d 535, 549 (Ind. 2002). Consequently, isolated poor strategy or bad tactics do not necessarily amount to ineffective assistance of counsel unless, taken as a whole, the defense was inadequate. *Brown v. State,* 698 N.E.2d 1132, 1139 (Ind.1998), *reh'g denied.* Furthermore, we "will not speculate as to what may or may not have been advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time and under the circumstances, seems best." *Whitener v. State,* 696 N.E.2d 40, 42 (Ind.1998).

■■■ As our supreme court established in *Woods v. State,* 701 N.E.2d 1208, 1210 (Ind.1998), *cert. denied,* a Sixth Amendment claim of ineffective assistance of trial counsel may be presented for the first time in a petition for post-conviction relief. However, the court cautioned that "issues that were or could have been raised on direct appeal are not available in post-conviction proceedings since post-conviction is not a super appeal." *Id.* at 1213. In this regard, post-conviction review supplements direct review by allowing the petitioner to "raise issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time." *Id.*

Nonetheless, twenty years of practice under *Strickland* has generated a wealth of different issues compiled under the concept of ineffective assistance of counsel. For purposes of the question presented today, issues supporting an ineffectiveness claim can be separated into three broad categories. A first set of issues can be evaluated on the face of the trial record (record errors). *See id.* at 1208. In these situations there may be no need for delay or the taking of extrinsic evidence on the competence prong of *Strickland* because the claim may be resolved from the face of the record. *See id.* If so, the interest of prompt resolution of the matter favors permitting the issue to be raised on direct appeal. *Id.*

Far more common are issues that are not visible at all on the face of the trial

record, or that require additional record development to assess either the competence of the attorney or the prejudice resulting from the claimed error (extra record errors). *Id.* at 1212. These contentions may require an investigation of facts far beyond the record, and sometimes beyond the knowledge of either trial or appellate counsel to establish substandard counsel performance. *Id.*

Finally, the third category consists of issues that are based on an action taken on the record, but whose evaluation requires a showing to rebut the presumption of counsel competence (hybrid contentions). *See id.* An example of such a hybrid contention is an act or omission on the record that is perhaps within the range of acceptable tactical choices counsel might have made, but in the particular instance is claimed to be made due to unacceptable ignorance of the law or some other egregious failure rising to the level of deficient attorney performance. *Id.* Although the reasoning of trial counsel may sometimes be apparent from the trial record, in assessing hybrid contentions it is often necessary for an additional record to be developed to show the reason for an act or omission that appears in the trial record. *Id.*

 Accordingly, where it is necessary on appeal to develop an additional evidentiary record to evaluate the reasons for trial counsel's error, the proper procedure is to request that the appeal be suspended or terminated so that a more thorough record may be compiled through the pursuit of post-conviction proceedings. *See D.D.K. v. State,* 750 N.E.2d 885, 890 (Ind.Ct.App.2001). This procedure for developing a record for appeal is more commonly known as the *Davis/Hatton* procedure. *See Hatton v. State,* 626 N.E.2d 442, 443 (Ind.1993); *Davis v. State,* 267 Ind. 152, 368 N.E.2d 1149, 1151 (1977). As

we explained, the *Davis/Hatton* procedure involves a termination or suspension of a direct appeal already initiated, upon appellate counsel's motion for remand or stay, to allow a post-conviction relief petition to be pursued in the trial court. *Attebury v. State,* 703 N.E.2d 175, 178 (Ind.Ct.App. 1998) (quoting *State v. Lopez,* 676 N.E.2d 1063, 1069 (Ind.Ct.App.1997), *trans. denied*). If the appellate court preliminarily determines that the motion has sufficient merit, the entire case is remanded for consideration of the petition for post-conviction relief. *Davis,* 368 N.E.2d at 1151. If, after a full evidentiary hearing the post-conviction relief petition is denied, the appeal can be reinitiated. *Attebury,* 703 N.E.2d at 178. Thus, in addition to the issues initially raised in the direct appeal, the issues litigated in the post-conviction relief proceeding can also be raised. *Edmond v. State,* 790 N.E.2d 141, 144 (Ind. Ct.App.2003), *trans. denied.* This way, a full hearing and record on the issue will be included in the appeal. *Id.* If the petition for post-conviction relief is denied after a hearing, and the direct appeal is reinstated, the direct appeal and the appeal of the denial of post-conviction relief are consolidated. *See Powell v. State,* 714 N.E.2d 624, 626 (Ind.1999).

 Turning to the case at hand, Slusher raises the following ten allegations of ineffective assistance of trial counsel on direct appeal: (1) trial counsel did not take any depositions of T.W. or Andrea; (2) trial counsel did not properly prepare Slusher for his testimony; (3) on direct testimony, trial counsel caused Slusher to incriminate himself; (4) trial counsel failed to impeach T.W. with her prior inconsistent statements contained in the Interview Report; (5) trial counsel failed to object to the State's questioning of Slusher regarding his computer usage; (6) trial counsel failed to timely subpoena defense wit-

nesses; (7) trial counsel failed to call B.S. as a witness; (8) trial counsel's insensitivity in closing arguments; (9) trial counsel did not object to or tender his own final jury instructions; and (10) trial counsel failed to move for judgment on the evidence or to make other similar motions.

We recognize that after both parties fully briefed the issues on direct appeal, Slusher filed his Motion for Remand to the Trial Court to Allow Appellant to Pursue a Petition for Post–Conviction Relief, based on the *Davis/Hatton* proceeding. Although most of Slusher's allegations are record based and can be resolved by this court on the face of the trial record without any additional evidence gathering, we are nonetheless concerned about Slusher's arguments that warrant additional record development to assess either the competence of Slusher's trial attorney or the prejudice resulting from the claimed error. *See Woods,* 701 N.E.2d at 1212.

Without analyzing each of Slusher's allegations separately, we will only evaluate those claims that cause us most concern. First, we note that the State in its appellate brief concedes that there is no evidence in the record to show what discovery or what trial preparation of Slusher did or did not occur. Furthermore, Slusher maintains that his trial counsel was ineffective in failing to successfully subpoena two witnesses. Even though the subpoenas were sent out prior to trial, the sheriff's department returned the subpoenas five days prior to trial because there was not enough time to serve. Despite this faulty service, the record indicates that Slusher's trial counsel did not request the trial court for a continuance. In order for this court to determine whether or not trial counsel's conduct was incompetent or prejudicial because he failed to request a continuance of the jury trial, we need additional evidence that can only be gathered

by the trial court during a post-conviction proceeding. In effect, to be able to address the reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different, we have to know the content of the subpoenaed witnesses' testimony. *See Smith,* 689 N.E.2d at 1244. As our supreme court stated in *Woods,* 701 N.E.2d at 1214, like most failures to investigate, establishing this ground for ineffective assistance of counsel would require going beyond the trial record to show what the investigation, if undertaken, would have produced. This is necessary because success on the prejudice prong of an ineffectiveness claim requires a showing of a reasonable probability of affecting the result. *Id.*

Moreover, our concerns in the case at bar are heightened because of the disciplinary proceedings and subsequent suspension of Slusher's trial counsel. On December 23, 2004, by Order of the supreme court, Slusher's trial counsel was suspended from the practice of law for a period of six months, beginning February 1, 2005. We note that his suspension is based on several violations, including two failures to file an appellate brief, which ultimately resulted into the dismissal of the criminal appeal. Our review of the instant case reflects that regardless of trial counsel's timely filing of a notice of appeal on March 22, 2004, no appellate brief was filed despite three consecutive grants of extension of time. The record reflects that after we denied counsel's request for a fourth extension, trial counsel withdrew his appearance. Thereafter, Slusher's new appellate counsel filed his brief within the time period granted.

Based on the totality of the evidence before us, we conclude that Slusher's claim of ineffective assistance of counsel rests on factual determinations and further evidentiary development that can only be

reached by the trial court. *See Woods,* 701 N.E.2d at 1212. It is not a proper avenue for an appellate court to take. *See Edmond,* 790 N.E.2d at 144. Accordingly, we have no way of evaluating trial counsel's performance; therefore, we grant Slusher's motion and remand to the trial court with instruction to hold a *Davis/Hatton* hearing.

## CONCLUSION

Based on the foregoing, we remand the instant case to the trial court for further evidentiary development of Slusher's ineffective assistance of counsel claim in accordance with a *Davis/Hatton* proceeding.

Remanded with instruction.

CRONE, J., and ROBB, J., concur.