**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 15 2013, 5:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JESSE R. POAG**
Newburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

WILLIE G. MAFFETT,             )
                                     )
     Appellant-Defendant,          )
                                     )
        vs.                      )     No. 82A01-1212-CR-585
                                     )
STATE OF INDIANA,           )
                                     )
     Appellee-Plaintiff.            )

APPEAL FROM VANDERBURGH SUPERIOR COURT
The Honorable Mary Margaret Lloyd, Judge
Cause No. 82D02-1208-FD-919

**August 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Willie G. Maffett appeals his conviction of Class D felony theft.[1]  He presents one issue for review, which we restate as whether his trial counsel was ineffective.  We affirm.

## FACTS AND PROCEDURAL HISTORY

While at a Family Dollar store, Maffett hid four bottles of Tide laundry detergent in his pants.  Michael Embrey, a store employee, confronted Maffett, called the police to report the theft, and insisted Maffett return the Tide.  Maffett returned the Tide, left the store, and was arrested.

There was conflicting evidence as to whether Embrey's encounter with Maffett was captured by surveillance cameras.  Embrey testified he confronted Maffett in an area not covered by surveillance.  The probable cause affidavit indicated the confrontation occurred at the front of the store where surveillance cameras would have captured the incident.  Maffett's trial counsel argued the State's failure to introduce the surveillance footage precluded a finding Maffett was guilty beyond a reasonable doubt.

Between his conviction and sentencing, Maffett, acting *pro se*, filed a motion for new trial alleging his trial counsel was ineffective because she did not investigate the surveillance tape.  Maffett contended there were video surveillance cameras throughout the store, but he did not present evidence to support that assertion.  The trial court denied his motion.

## DISCUSSION AND DECISION

We begin our review of a claim of ineffective assistance of counsel with a strong presumption "that counsel rendered adequate assistance and made all significant decisions in

---

[1] Ind. Code § 35-43-4-2(a).

the exercise of reasonable professional judgment." *Ward v. State*, 969 N.E.2d 46, 51 (Ind. 2012) (citation omitted). Trial counsel has wide latitude in selecting trial strategy and tactics, which will be subjected to deferential review. *Id.* "[A] defendant must offer strong and convincing evidence to overcome this presumption." *Saylor v. State*, 765 N.E.2d 535, 549 (Ind. 2002).

An ineffective assistance challenge requires a defendant to establish both deficient performance and resulting prejudice. *Pontius v. State*, 930 N.E.2d 1212, 1219 (Ind. Ct. App. 2010), *trans. denied*. Performance is deficient when trial counsel's representation falls below an objective standard of reasonableness causing errors sufficiently serious to amount to a denial of the defendant's Sixth Amendment right to counsel. *Wesley v. State*, 788 N.E.2d 1247, 1252 (Ind. 2003). Prejudice is established when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." *Id.* If defendant does not establish prejudice, we need not evaluate trial counsel's performance. *Pontius*, 930 N.E.2d at 1219.

Demonstrating ineffective assistance of counsel often requires "going beyond the trial record to show what the investigation, if undertaken, would have produced," *Slusher v. State*, 823 N.E.2d 1219, 1223 (Ind. Ct. App. 2005), because the prejudice prong is satisfied only when there is a reasonable probability the outcome would have been affected. *Id.* However,

3

when such a challenge is raised on direct appeal,[2] we are limited to a review of the trial record. *Pontius*, 930 N.E.2d at 1219.

Maffett does not have access to the alleged surveillance tape he asserts trial counsel should have obtained and presented at trial, and we are left to speculate as to whether any such tape exists or what it contains.[3] As Maffett cannot show the tape would have changed the outcome of his trial, he is unable to meet the showing of prejudice required for us to hold trial counsel was ineffective.

## CONCLUSION

Maffett has not demonstrated prejudice because he has not shown the contents of the surveillance tape, if one existed at all, would have affected the outcome of his trial. Accordingly, he did not demonstrate he received ineffective assistance from his trial counsel, and we affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

---

[2] Maffett's direct appeal of his claim of ineffective assistance of counsel precludes raising the issue again if he pursues post-conviction relief. *See Conner v. State*, 711 N.E.2d 1238, 1244 (Ind. 1999) ("when this Court decides an issue on direct appeal, the doctrine of *res judicata* applies, thereby precluding its review in post-conviction proceedings").

[3] As noted above, Embry testified there was no surveillance tape.

4