## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Nov 10 2015, 8:27 am

*Kevin S. Smith*

**CLERK**
of the supreme court, court of appeals and tax court

PRO SE APPELLANT

Stacey Yuron Hart
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stacey Yuron Hart,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 10, 2015

Court of Appeals Case No.
82A01-1411-CR-472

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely,
Judge

Trial Court Cause No.
82C01-1407-F3-923

**May, Judge.**

[1] Stacey Yuron Hart appeals his conviction of and sentence for Level 3 felony dealing in methamphetamine,[1] Level 6 felony possession of a narcotic,[2] Class A misdemeanor possession of paraphernalia,[3] and his adjudication as an habitual offender.[4] He argues his trial counsel was ineffective because trial counsel did not move to suppress certain evidence, did not object to Hart's adjudication as an habitual offender, and did not object to Hart's sentence. We affirm.

## Facts and Procedural History

[2] From July 15-19, 2014, C.D., a fourteen-year-old runaway, lived with Hart at various locations in Evansville. During this time, Hart gave someone methamphetamine in exchange for the use of a motel room and sold methamphetamine from his car and at multiple residences. On July 19, police picked up C.D. C.D. tested positive for methamphetamine, Xanax, marijuana, and synthetic marijuana. Evansville Police Detective Tony Mayhew interviewed C.D. regarding her prior whereabouts.

[3] Based on what C.D. told him, Detective Mayhew obtained a search warrant for Hart's vehicle. On July 24, police stopped Hart's vehicle based on Detective Mayhew's warrant. The officer found a digital scale, a cigarette case containing

---

[1] Ind. Code § 35-48-4-1.1(a)(2) (2014).

[2] Ind. Code § 35-48-4-6(a) (2014).

[3] Ind. Code § 35-48-4-8.3(a)(1) (2014).

[4] Ind. Code § 35-50-2-8(a) (2014).

baggie corners and tweezers, a glass pipe with residue, and small baggies with what he believed were drugs. Testing of the substances in the baggies revealed 7.16 grams of methamphetamine, two tablets of methadone, three tablets of hydrocodone, and five tablets of Tramadol.

[4] The State charged Hart with Level 3 felony dealing in methamphetamine, Level 6 felony possession of a narcotic drug, Class A misdemeanor possession of paraphernalia, and Level 6 felony possession of a legend drug.[5] It alleged Hart was an habitual offender. A jury found Hart guilty of all charges except Level 6 felony possession of a legend drug, on which the trial court directed a verdict. The jury concluded Hart was an habitual offender based on his prior convictions of Class D felony failure to return to lawful detention in 2002 and Class C felony possession of a controlled substance in 2005.

[5] The trial court entered convictions and sentenced Hart to concurrent sentences of fifteen years for Level 3 felony dealing in methamphetamine, two and a half years for Level 6 felony possession of a narcotic, and one year for Class A misdemeanor possession of paraphernalia. Based on his adjudication as an habitual offender, the trial court enhanced Hart's sentence by twenty years for an aggregate sentence of thirty-five years.

---

[5] Ind. Code § 35-43-10-3(1) (2014).

## Discussion and Decision

Hart proceeds in his appeal *pro se*.[6] *Pro se* litigants are held to the same standards as licensed attorneys and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

We begin our review of a claim of ineffective assistance of counsel with a strong presumption "that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Ward v. State*, 969 N.E.2d 46, 51 (Ind. 2012) (internal citation omitted). Trial counsel has wide latitude in selecting trial strategy and tactics, which will be subjected to deferential review. *Id*. "[A] defendant must offer strong and convincing evidence to overcome this presumption." *Saylor v. State*, 765 N.E.2d 535, 549 (Ind. 2002).

An ineffective assistance challenge requires a defendant to establish both deficient performance and resulting prejudice. *Pontius v. State*, 930 N.E.2d 1212, 1219 (Ind. Ct. App. 2010), *trans. denied*. Performance is deficient when trial counsel's representation falls below an objective standard of reasonableness causing errors sufficiently serious to amount to a denial of the defendant's Sixth Amendment right to counsel. *Wesley v. State*, 788 N.E.2d 1247, 1252 (Ind. 2003). Prejudice is established when "there is a reasonable probability that, but

---

[6] When he filed his appeal, Hart had counsel, who filed an appellate brief. Counsel withdrew and Hart was granted permission to file a *pro se* brief.

for counsel's unprofessional errors, the result of the proceeding would be different." *Id.* If defendant does not establish prejudice, we need not evaluate trial counsel's performance. *Pontius*, 930 N.E.2d at 1219.

[9] Demonstrating ineffective assistance of counsel often requires "going beyond the trial record to show what the investigation, if undertaken, would have produced," *Slusher v. State*, 823 N.E.2d 1219, 1223 (Ind. Ct. App. 2005), because the prejudice prong is satisfied only when there is a reasonable probability the outcome would have been affected by the error. *Id.* However, when such a challenge is raised on direct appeal, we are limited to a review of the trial record. *Pontius*, 930 N.E.2d at 1219. Additionally, Hart's direct appeal of his claim of ineffective assistance of counsel precludes raising the issue again if he pursues post-conviction relief. *See Conner v. State*, 711 N.E.2d 1238, 1244 (Ind. 1999) ("when this Court decides an issue on direct appeal, the doctrine of *res judicata* applies, thereby precluding its review in post-conviction proceedings").

### Motion to Suppress

[10] Hart argues his trial counsel was ineffective because he did not file a motion to suppress the evidence found in Hart's car. He claims the motion to suppress would have been successful because "the information [used to justify the search warrant] was stale and hearsay changed [sic] information from original statement given to police officer while under the influence of several different drugs that Detective used to get a search warrant." (Br. of Appellant at 6.) However, Hart does not point to evidence that suggests C.D. was intoxicated at

the time she gave her statement to Detective Mayhew nor did he cite authority holding five-day-old information was stale, such that a motion to suppress would have been successful.

[11] Passage of time between the information provided for a search warrant and the date the search warrant is executed does not make the evidence stale if there is evidence of ongoing criminal activity. *See Mehring v. State*, 884 N.E.2d 371, 378-79 (Ind. Ct. App. 2008) (holding evidence ten months and nineteen days old was not stale because the evidence was one of an ongoing crime), *reh'g denied*, *trans. denied*. C.D. told Detective Mayhew on July 19 that she rode in Hart's car from July 15 to July 19, during which time he sold methamphetamine multiple times. Hart has not demonstrated the motion, if made, would have been granted. Nor has he demonstrated that the granting of such motion would have changed the outcome of his case because there was sufficient independent evidence to prove he committed his crimes, such as C.D.'s testimony and Hart's own admissions. *See Slusher*, 823 N.E.2d at 1223 (Ind. Ct. App. 2005) (ineffective assistance of counsel claim not successful when defendant cannot demonstrate that, but for counsel's error, the outcome of the proceedings would have been different).

### *Habitual Offender*

[12] The version of Ind. Code § 35-50-2-8(b) effective at the time of Hart's crimes states:

> (b) A person convicted of murder or of a Level 1 through Level 4 felony is a habitual offender if the state proves

beyond a reasonable doubt that:(1) the person has been convicted of two (2) prior unrelated felonies; and (2) at least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony.

[13] Hart argues his trial counsel was ineffective because "[t]he State failed to prove the Defendant was sentenced to more than one dealing" offense and counsel did not object. (Br. of Appellant at 8.) The State presented evidence Hart was convicted of Class D felony failure to return to lawful detention in 2002 and Class C felony possession of a controlled substance in 2005. That is sufficient to prove Hart was an habitual offender. Hart has not demonstrated his trial counsel was ineffective because counsel would have been unsuccessful in making such an objection. *See Slusher*, 823 N.E.2d at 1223 (Ind. Ct. App. 2005) (ineffective assistance of counsel claim not successful when defendant cannot demonstrate that, but for counsel's error, the outcome of the proceedings would have been different).

### *Sentencing*

[14] Hart argues his trial counsel was ineffective "for not objecting to the trial courts [sic] enhancement of Defendants [sic] sentence being over the advisory." (Br. of Appellant at 9.) He claims the trial court erred because it did not consider mitigating circumstances such as Hart's "completion of college, a certificate in construction builders trade, Defendant was employed, Defendant pays child support on three of his four children, Defendant is serv-safe certified, Defendant hasn't had a felony conviction in over (9) years, [and] the Defendant showed remorse." *Id*. He also claims the trial court "mis-used the Defendants [sic]

prior criminal history by not using it as a whole but individually naming off (13) charges which (9) of the (13) was [sic] misdemeanors and (7) of the (13) was [sic] over (10) year old." *Id*.

[15] The trial court is not required to find mitigating factors or give them the same weight that the defendant does. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). However, a court abuses its discretion if it does not consider significant mitigators advanced by the defendant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 490. Once aggravators and mitigators have been identified, the trial court has no obligation to weigh those factors against each other. *Id*. at 491.

[16] Further, Hart has not demonstrated his trial counsel was ineffective during his sentencing hearing; the trial court could consider not only counsel's argument but also the information in the Pre-Sentencing Investigation, and the trial court was not required to weigh the aggravators and mitigators as Hart does. Therefore, we conclude the outcome at trial would not have been different but for counsel's alleged errors. *See Slusher*, 823 N.E.2d at 1223 (Ind. Ct. App. 2005) (ineffective assistance of counsel claim not successful when defendant cannot demonstrate that, but for counsel's error, the outcome of the proceedings would have been different).

## Conclusion

[17] Hart has not demonstrated his trial counsel was ineffective because counsel did not file a motion to suppress, object to his adjudication as an habitual offender,

or object to an "enhanced" sentence. Accordingly, we affirm his convictions and sentences.

[18] Affirmed.

Crone, J., and Bradford, J., concur.