## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 09 2017, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| P. Stephen Miller<br>Fort Wayne, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Jesse R. Drum<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert A. Walchle, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 9, 2017<br><br>Court of Appeals Case No.<br>02A03-1612-CR-2833<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D04-1604-F5-105 |

**Bradford, Judge.**

# Case Summary

[1] On December 7, 2015, Appellant-Defendant Robert A. Walchle, Jr. battered his wife, Christine Walchle. At the time, Walchle had previously been found guilty of battering Christine. On April 11, 2016, Appellee-Plaintiff the State of Indiana ("the State") charged Walchle with one count each of Level 5 felony battery and Level 6 felony battery. Walchle subsequently pled guilty as charged. He was later sentenced to a term of five years.

[2] On appeal, Walchle frames his argument as a sentence challenge, arguing that his five-year sentence is illegal because his actions did not amount to a Level 5 felony at the time they were committed. Walchle's arguments on appeal, however, are more appropriately framed as a challenge to his conviction for Level 5 felony battery. Given that the record clearly demonstrates that Walchle freely and voluntarily pled guilty to the Level 5 felony offense and the sentence imposed by the trial court is within the statutory limits for a Level 5 felony, we affirm.

# Facts and Procedural History

[3] On December 7, 2015, Walchle "put [his] hands on [his] wife in a manner that wasn't proper[,]" touching her in rude, insolent, or angry manner which resulted in bodily injury to Christine. Tr. Vol. II, p. 21. Prior to December 7, 2015, Walchle had been convicted of battering Christine on two separate

occasions. On April 11, 2016, Walchle was charged with one count of Level 5 felony battery and one count of Level 6 felony domestic battery.

[4] Walchle pled guilty as charged on October 12, 2016. During the guilty plea hearing, Walchle indicated that he understood that he was pleading guilty to both Level 5 felony battery and Level 6 felony domestic battery. Walchle also indicated that he understood that by pleading guilty, he would be found guilty of both charges and sentenced accordingly. Walchle further indicated that he understood the potential penalties which the trial court could impose in sentencing him. Walchle informed the court that his pleas of guilty were voluntary and made of his own free will. The trial court accepted Walche's guilty pleas and found him guilty of one count of Level 5 felony battery and one count of Level 6 felony domestic battery. In doing so, the trial court stated the following:

> The Court now finds that the Defendant, Robert A. Walchle, Jr., is 45 years of age, that he understands the nature of the charges against him to which he's pled guilty, that he understands the possible sentences and fines thereunder, that his pleas were freely and voluntarily made, his pleas are accurate, and there's a factual basis for pleas of guilty. The Court will accept the Defendant's pleas of guilty and find him guilty as charged in count one and count two.

Tr. Vol. II, pp. 23-24.

[5] The trial court conducted a sentencing hearing on November 18, 2016. At the conclusion of this hearing, the trial court vacated the Level 6 felony conviction and sentenced Walchle to an executed term of five years. This appeal follows.

# Discussion and Decision

[6] Walchle frames the issue on appeal as a sentence challenge. Specifically, Walchle argues that his sentence is illegal because his actions did not amount to a Level 5 felony at the time they were committed. Upon reviewing Walchle's arguments, however, we conclude that his arguments are more appropriately framed as a challenge to his conviction for Level 5 felony battery.

[7] It is undisputed that "[a] person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal." *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004). Walchle knowingly and voluntarily pled guilty to Level 5 battery. In doing so, he indicated that he understood that he was pleading guilty to Level 5 felony battery; by pleading guilty, he would be found guilty and sentenced accordingly; and the potential penalties which the trial court could impose in sentencing him. The trial court accepted Walchle's guilty plea, finding that it was made freely and voluntarily. Therefore, Walchle may not challenge the propriety of his conviction for Level 5 felony battery on appeal.

[8] Furthermore, to the extent that Walchle argues that the trial court should not have sentenced him for the Level 5 felony because such crime did not exist under the version of the criminal code that was in effect in December of 2015

when Walchle battered Christine, Walchle's argument is without merit. The version of Indiana Code section 35-42-2-1 which was in effect in December of 2015 provides as follows: "The offense … is a Level 5 felony if one (1) or more of the following apply: … (4) The person has a previous conviction for battery against the same victim." Walchle admits that he has two prior domestic battery convictions for battering Christine. Walchle fails, however, to cite to any compelling authority which would suggest that these convictions would not satisfy the requirements of Indiana Code section 35-42-2-1(f)(4).

[9] In the instant matter, the trial court imposed a five-year executed sentence. This sentence falls within the statutory range for Level 5 felony convictions. *See* Ind. Code § 35-50-2-6(b) (providing that "[a] person who commits a Level 5 felony (for a crime committed after June 30, 2014) shall be imprisoned for a fixed term of between one (1) and six (6) years"). Walchle makes not separate claim that the trial court abused its discretion in sentencing him or that his sentence is inappropriate. As such, to the extent that Walchle challenges his sentence, such challenge is waived for failure to make a cogent argument. *See generally, Keller v. State*, 987 N.E.2d 1099, 1121 n.11 (Ind. Ct. App. 2013) (providing that failure to make a cogent argument regarding whether the trial court abused its discretion in sentencing the defendant results in waiver).

[10] The judgment of the trial court is affirmed.

Najam, J., concur.

Riley, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert A. Walchle, Jr., | Court of Appeals Case No. |
| *Appellant-Defendant,* | 02A03-1612-CR-2833 |
| v. | |
| State of Indiana, | |
| *Appellee-Plaintiff.* | |

**Riley, Judge dissenting**

[11] I respectfully dissent from the majority's decision to affirm Walchle's five year sentence pursuant to a Level 5 felony. Unlike the majority, I find that Walchle presented this court with a very cogent and meritorious argument.[1]

---

[1] The State's appellate brief fails to address the contentions raised by appellant's argument pursuant to Appellate Rule 46(B)(2).

[12] On December 7, 2015, Walchle intentionally touched his wife in a rude and angry manner, resulting in bodily injury. Based on this incident, the State charged Walchle on April 11, 2016, with Count I, battery, a Level 5 felony, and Count II, domestic battery, a Level 6 felony. On October 12, 2016, Walchle pled guilty to both Counts without the benefit of a written plea agreement.

[13] Courts must generally sentence defendants under the statute in effect at the time the defendant committed the offense. *Hooker v. State*, 799 N.E. 2d 561, 575 (Ind. Ct. App. 2003), *trans. denied*. On December 7, 2015, the battery statute in effect called for a Level 5 felony, when "(4) the person has a previous conviction for battery against the same victim." Ind. Code § 35-42-2-1 (2014). A domestic battery under this statute was limited to a battery causing injury to one's spouse, former or present. *See* I.C. § 35-42-2-1.3 (2014). If the domestic battery was a second unrelated offense under section 1.3 then the misdemeanor was enhanced to a Level 6 felony. The second unrelated offense of domestic battery, enhancing the crime to a Level 6 felony, applied regardless whether the victim of each battery was the same person or different as long as both victims were members of the same protected class. However, at the date of sentencing, both statutes in effect categorized the charges as Level 5 felonies.

[14] In *Williams v. State*, 798 N.E.2d 457, 461 (Ind. Ct. App. 2003), this court addressed the general purpose behind the domestic battery statute. *Williams* noted that by differentiating battery from domestic battery, the legislature recognized a particular concern with the impact and costs of domestic battery as opposed to battery in general. "[W]hen the character of the relationship clearly

warrants application of the domestic battery statute, . . . , a court need not undertake further analysis." *Id.* In other words, once a defendant satisfies the elements of the domestic battery statute, including its enhancements, he cannot fall under the simple battery statute. There is no mixing and matching of the underlying convictions, as the majority appears to advocate in its footnote 1.

[15] During the factual basis underlying his guilty plea, and as acknowledged by the majority in its Case Summary, Walchle admitted to battery to his "wife." Slip op. p. 2. And, as again pointed out by the majority, "Walchle had previously been found guilty of battering [his wife.]" Slip op. p. 2. Accordingly, the domestic battery statute, as in effect at the time of the offense, clearly applied to Walchle and he should have been sentenced to a Level 6 felony. By sentencing Walchle to a Level 5 felony, as in effect at the time of sentencing, the trial court pronounced an illegal sentence. While I agree that counsel did not object to the sentence, it is well-settled that an "improper sentence constitutes fundamental error and cannot be ignored on review." *Groves v. State*, 823 N.E.2d 1219, 1232 (Ind. Ct. App. 2005). Accordingly, I would reverse the trial court's sentence and remand for resentencing.