## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2019, 8:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

George A. Foote, Jr.
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

George A. Foote, Jr.,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

October 18, 2019

Court of Appeals Case No.
19A-CR-481

Appeal from the Greene Circuit Court

The Honorable Erik C. Allen, Judge

Trial Court Cause No.
28C01-0710-FA-172

**Darden, Senior Judge.**

# Statement of the Case

George A. Foote, Jr. appeals the trial court's denial of his motion for permission to file a belated notice of appeal. We affirm.

# Issue

Foote presents one issue for our review, which we restate as: whether the trial court erred by denying his motion for permission to file a belated notice of appeal.

# Facts and Procedural History

In 2008, a jury found Foote guilty of two counts of child molesting, as Class A felonies,[1] and two counts of incest, one as a Class C felony and the other as a Class B felony.[2] He initiated a direct appeal of his convictions but later filed a voluntary motion to dismiss the appeal so that he could pursue relief in accordance with the *Davis/Hatton* procedure.[3] This Court granted Foote's

---

[1] Ind. Code § 35-42-4-3 (1998).

[2] Ind. Code § 35-46-1-3 (1994).

[3] "The *Davis/Hatton* procedure involves a termination or suspension of a direct appeal already initiated, upon appellate counsel's motion for remand or stay, to allow a post-conviction relief petition to be pursued in the trial court. *Peaver v. State*, 937 N.E.2d 896, 897 n.1 (Ind. Ct. App. 2010), *trans. denied*. If, after a full evidentiary hearing, the post-conviction court denies the petition, the appeal can be reinstated. *Slusher v. State*, 823 N.E.2d 1219, 1222 (Ind. Ct. App. 2005). Thus, in addition to the issues initially raised in the direct appeal, the issues litigated in the post-conviction relief proceeding can also be raised. *Id.* That way, a full hearing and record on the issue will be included in the appeal. *Id.* If the post-conviction relief petition is denied after a hearing, and the direct appeal is reinstated, then the direct appeal and the appeal of the denial for post-conviction relief are consolidated. *Id.*" *Foote v. State*, No. 28A04-1102-PC-140, slip op. *1 n.3 (Ind. Ct. App. Dec. 30, 2011).

motion to dismiss, and, thereafter, he filed three separate petitions for post-conviction relief. After a hearing on the petitions, the post-conviction court issued findings and conclusions and denied Foote's petitions. Foote appealed the trial court's denial, and, in a memorandum decision, this Court affirmed the denial of post-conviction relief on the single issue of whether Foote was denied effective assistance of trial counsel. *See Foote v. State*, No. 28A04-1102-PC-140 (Ind. Ct. App. Dec. 30, 2011) ("*Foote I*"). In its decision, the Court explained the *Davis/Hatton* procedure, including the fact that if post-conviction relief is denied, the direct appeal can be reinstated and consolidated with the appeal of the denial of post-conviction relief. However, Foote's direct appeal was not reinstated, and his appeal in *Foote I* concerned only the denial of post-conviction relief. The Court specifically noted in its decision that "Foote raises no issue on direct appeal." *Id.* at *1.

[4] Subsequently, in October 2015, Foote filed a successive petition for post-conviction relief claiming that he received ineffective assistance of appellate counsel due to counsel's failure to reinstate Foote's direct appeal in order to argue that he was improperly sentenced. The post-conviction court denied Foote's successive petition after a hearing, and Foote appealed. In another memorandum decision, this Court affirmed the denial of Foote's successive petition for post-conviction relief. *See Foote v. State*, 28A01-1607-PC-1726 (Ind. Ct. App. Dec. 27, 2016) ("*Foote II*"). The Court explained that, even if Foote's appellate counsel had raised the sentencing issue Foote claimed should have been raised in a direct appeal, he would not have prevailed on the merits. As a

result, the Court concluded that his appellate counsel did not render ineffective assistance by failing to raise issues on direct appeal.

[5] Foote then petitioned for rehearing of *Foote II*. The Court granted Foote's petition and issued a memorandum decision on rehearing. *Foote v. State*, No. 28A01-1607-PC-1726 (Ind. Ct. App. April 5, 2017) ("*Foote III*"). In *Foote III*, the Court noted that its decision in *Foote II* addressed the issue of whether Foote's appellate counsel was ineffective for *failing to raise issues on appeal* and that it was now granting rehearing for the limited purpose of addressing Foote's alternative claim that his appellate counsel was ineffective for *denying access to an appeal*.

[6] In support of his allegation on rehearing that his appellate counsel denied him access to an appeal by failing to reinstate his direct appeal, Foote cited to *Dodd v. Knight*, 533 F. Supp. 2d 844 (N.D. Ind. 2008). In its decision on rehearing, the Court distinguished *Dodd* from Foote's case because Foote presented no argument that he had directed his appellate counsel to pursue a direct appeal and because there was no indication that his appellate counsel believed there was a viable claim to raise on direct appeal but simply failed to follow through. In making this determination, the Court specifically noted the testimony of Foote's appellate counsel that "post-conviction relief was Foote's best chance for relief because he did not see any 'just absolutely . . . powerful direct appeal issues.'" *Foote III* at *2 (quoting P-CR Tr. p. 79). The court concluded by declaring that this is not a case in which appellate counsel failed to prosecute an

appeal but rather a situation where "appellate counsel made a strategic decision to raise certain issues in the consolidated appeal." *Foote III* at *2.

[7] Foote continued to file motions with the courts. In December 2017, he filed a motion to modify his sentence, which the trial court denied in January 2018. Foote then filed with this Court in October 2018 a "Motion for Belated Perfection of Appeal," which the Court denied. *See Foote v. State*, 18A-CR-2475 (Ind. Ct. App. Oct. 26, 2018).

[8] Finally, in November 2018, Foote filed with the trial court a motion for permission to file a belated notice of direct appeal. The State filed a response in opposition to Foote's request, and the trial court held a hearing on the matter. The trial court subsequently denied Foote's motion for permission to file a belated notice of appeal. This appeal ensued.

## Discussion and Decision

[9] Foote appeals the trial court's denial of his motion for permission to file a belated notice of appeal. Indiana Post-Conviction Rule 2 allows a defendant to seek permission to file a belated notice of appeal. In particular, Section 1(a) of that rule provides:

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if[:]
>
> (1) the defendant failed to file a timely notice of appeal;

(2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

"If the trial court finds that the requirements of Section 1(a) are met, it shall permit the defendant to file the belated notice of appeal. Otherwise, it shall deny permission." P-C.R. 2(1)(c).

[10] A trial court's ruling on a petition for permission to file a belated notice of appeal is reviewed for an abuse of discretion. *Cole v. State*, 989 N.E.2d 828, 830 (Ind. Ct. App. 2013), *trans. denied*. The burden is on the defendant to prove by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated notice of appeal. *Haddock v. State*, 112 N.E.3d 763, 766 (Ind. Ct. App. 2018), *trans. denied*. As there are no set standards of fault or diligence, each case turns on its own facts. *Moshenek v. State*, 868 N.E.2d 419, 423 (Ind. 2007). Some factors that may be considered are "'the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay.'" *Id.* at 423 (quoting *Land v. State*, 640 N.E.2d 106, 108 (Ind. Ct. App. 1994), *trans. denied*). Because the determinations of fault and diligence are fact sensitive, we give substantial deference to the trial court's ruling because it is in a better position to weigh evidence, assess the

credibility of witnesses, and draw inferences. *Moshenek*, 868 N.E.2d at 423, 424.

[11] Foote contends that the trial court erred when it denied his request to file a belated notice of appeal because the failure to timely file a notice of appeal was not due to any fault of his own and because he had been diligent in requesting permission to file the belated notice of appeal.

[12] We first note that Foote disregards Sub-section 1(a)(1), which requires that the defendant failed to timely file a notice of appeal. Foote, by counsel, did in fact file a timely notice of appeal on November 17, 2008. However, counsel then elected to dismiss the appeal to pursue remedies utilizing the *Davis/Hatton* procedure. As evidenced by his testimony, Foote's counsel subsequently made the strategic decision not to reinstate the appeal.

[13] Sub-sections 1(a)(2) and (3) of Post-Conviction Rule 2 concern a defendant's fault and diligence. At the hearing on Foote's motion for permission to file a belated notice of appeal, the court inquired as to when he learned that his direct appeal had not been reinstated. Foote indicated he realized there was no direct appeal at the end of 2011 or early 2012, soon after *Foote I* was issued in December 2011. Tr. Vol. II, pp. 9-10, 12. Further, we observe, as did the panel in *Foote III*, that Foote does not claim he directed his counsel to reinstate his direct appeal. Moreover, although Foote knew of the status of his direct appeal in late 2011 or early 2012, he did not request permission to file a belated notice of appeal until November 2018.

In addition, Foote testified that he has not had counsel since 2012 and that he has filed numerous pro se motions prior to the filing of the instant motion at issue herein. Said motions include but are not limited to a writ of habeas corpus in federal court in 2012, a request for sentence modification in the trial court in 2017, and numerous petitions for successive post-conviction relief. In addition, he represented himself in his appeal to this Court in *Foote II* and on rehearing in *Foote III*. Foote's numerous filings of legal documents in the courts and, in addition, his legal maneuvering on his own behalf demonstrates a considerable level of awareness of the deadlines and procedural remedies of the criminal justice system. For example, at the hearing on the motion for permission to file a belated notice of appeal, he mentioned his investigation into how to file a writ of habeas corpus, and he testified about his filing stating, "the Writ was simply because I was running out of time to file a Writ, I had eight days left before my one year was up. That was just a procedure I didn't want to miss out on." Tr. Vol. II, p. 12. Given these facts, the trial court did not abuse its discretion in determining that Foote did not fail to timely file a notice of appeal and that he had not been diligent as considered by Post-Conviction Rule 2(1).

## Conclusion

For the reasons stated, we conclude the trial court did not abuse its discretion in denying Foote's motion for permission to file a belated notice of appeal.

Affirmed.

Kirsch, J., and Altice, J., concur.