ATTORNEY FOR APPELLANT
Cara Schaefer Wieneke
Wieneke Law Office LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Henry Flores
Andrew J. Kobe
Justin F. Roebel
Deputy Attorneys General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Oct 20 2017, 10:42 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 84S01-1704-CR-00190

RICHARD D. SHEPARD,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Vigo Superior Court, No. 84D03-1202-FB-000468
The Honorable David R. Bolk, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 84A01-1606-CR-01309

**October 20, 2017**

**David, Justice.**

Richard Shepard's direct placement in a community corrections facility was revoked for his failure to abide by the program's terms. Consequently, he was ordered to serve the remainder of his eleven-year sentence in the Department of Correction. In calculating Shepard's earned good time credit, the trial court determined Shepard was not entitled to any good time credit for his time served in the work-release program because the community corrections director had deprived Shepard of more good time credit days than he was entitled to receive.

Shepard now challenges the deprivation of good time credit, arguing that the community corrections director lacked the authority to deprive him of good time credit earned. We agree. Accordingly, we reverse the trial court's determination as to the good time credit Shepard earned while in the program, and we remand to the trial court with instructions to recalculate Shepard's credit time.

## Facts and Procedural History

In early 2012, Drug Task Force Detectives carried out an undercover operation using a confidential informant ("CI"), who stated that he could purchase cocaine from someone he knew as Richard Shepard ("Shepard"). During the operation, Shepard was observed receiving payment from the CI in exchange for a clear plastic bag containing a white powdery substance, which later tested positive for cocaine.

Shepard was charged with, and pleaded guilty to, Class B felony dealing in cocaine. On May 16, 2013, the trial court sentenced him to eleven years of incarceration, pursuant to the terms of the plea agreement. Shepard was also awarded credit for 450 days of pre-sentence incarceration and 450 days of good time credit.

In 2015, Shepard petitioned for modification of his sentence, to which the State did not object. Shepard's petition was granted, and the trial court ordered him to serve the balance of his sentence in the Vigo County work release program, under supervision of the Vigo County Community Corrections. While in the program, Shepard committed several violations. Among those were three instances in which Shepard left the work release program facility for work, but did not immediately return when he was informed he was not needed at work. On two other occasions, Shepard left work without permission and failed to return immediately to the facility. In each case, program officials held administrative hearings and repeatedly took away portions of Shepard's earned credit time. In total, Shepard was deprived of 225 earned good time credit days.

On April 20, 2016, the State filed a motion to revoke Shepard's probation and placement in community corrections. Finding that Shepard had violated the conditions of probation, the trial court ordered him recommitted to the Indiana Department of Correction (the "D.O.C.") for the balance of his eleven-year sentence. In calculating Shepard's earned good time credit, the

trial court determined Shepard was entitled to 450 days for the pre-sentence incarceration, fourteen days for time served in Vigo County Jail following the grant of modification of placement, and another thirty-four days served in the Vigo County Jail from April 22, 2016 through May 25, 2016. However, the court also determined that Shepard would not receive any good time credit for the 190 actual days he served in the work-release program because the program had deprived him of 225 days of good time credit.

Shepard appealed, arguing that the trial court erred in denying Shepard good time credit for the days served in community corrections. In a published opinion, the Court of Appeals affirmed the trial court's judgment, finding that the community corrections program did not lack the authority to revoke Shepard's good time credit.

Shepard then sought transfer. We granted transfer, thereby vacating the Court of Appeals' opinion. Ind. Appellate Rule 58(A).

## Standard of Review

Matters of statutory interpretation, which inherently present a pure question of law, are reviewed *de novo*. Jackson v. State, 50 N.E.3d 767, 770 (Ind. 2016).

## Discussion

Shepard's sole argument is that he was incorrectly deprived of 190 days of good time credit that he earned while serving time in a community corrections work release program. The State argues that the deprivation of good time credit was lawful and justified due to Shepard's repeated failure to abide by the terms of the work release program. In reading the plain language of the pertinent statute, and considering the absence of a D.O.C. rule delegating such authority, we find the program director lacked authority to deprive Shepard of good time credit he earned while serving in the program.

Whether Shepard was correctly deprived of earned good time credit hinges on the extent to which the program director was empowered to make such deprivation. On this critical issue, we seek guidance from Indiana Code section 35-38-2.6-6, which controls credit time for direct placements in a community corrections program.

3

Indiana's community corrections program serves the purpose of providing an alternative to imprisonment in a state facility. See Ind. Code § 11-12-2-1 (establishing that the purpose of grants to counties for community corrections is partly to "provid[e] effective alternatives to imprisonment at the state level"). The program consists of "residential and work release, electronic monitoring, day treatment, or day reporting" that are operated at the county level. Ind. Code § 35-38-2.6-2. After successfully petitioning the court to modify his sentence and/or placement, Shepard was directly placed in a work release program operated by Vigo County Community Corrections.

As is true of defendants ordered to serve sentences in the D.O.C., a defendant placed directly in a local community corrections program as an alternative to D.O.C. commitment is entitled to earn both accrued time and good time credit for the time served in the program. Ind. Code § 35-38-2.6-6(c). Shepard served a total of 190 days; thus, in accordance with Indiana Code section 35-50-6-3, Shepard would have earned 190 days of good time credit for the time served, absent deprivation. However, in calculating Shepard's credit time, the trial court withheld 190 days of credit time Shepard earned because the program director had deprived Shepard of a total of 225 days of credit time as a result of various program term violations he committed while in the program.

It is undisputed that Shepard violated the terms of his placement. At the hearing on the State's petition to revoke placement in the work release program, the trial court heard testimony, including Shepard's own admission, sufficient to support a finding that Shepard committed each of the alleged violations. Shepard also stops short of challenging the constitutionality of the hearing he received when deprived of his earned credit time. He does not allege that the hearing lacked basic due process elements or was otherwise unfair. Instead, Shepard argues that the program director lacked authority to reprimand offenders for program term violations by taking away their earned credit time.

We agree with Shepard's reading of the pertinent statutes. Our legislature has outlined several actions a program director is authorized to take in instances when offenders violate a term of their placement in the program. Indiana Code section 35-38-2.6-5 gives a program director the power to (1) change the terms of the offender's placement; (2) continue the

4

placement unchanged; (3) reassign the offender to a different program; or (4) request that the trial court revoke the offender's placement. The program director here was authorized to exercise any of the aforementioned options in disciplining Shepard for his failure to abide by the program's terms, but instead chose to deprive Shepard of earned good time credit. We find no statutory or regulatory provision authorizing such deprivation by a program director.

In fact, our legislature has provided for the deprivation of good time credit for offenders directly placed in community corrections, but that statute does not expressly give the community corrections director such authority. Ind. Code § 35-38-2.6-6(d). Rather, the statute provides that "a person who is placed in a community corrections program under this chapter may be deprived of earned good time credit *as provided under rules adopted by the department of correction under IC 4-22-2.*" Ind. Code § 35-38-2.6-6(d) (emphasis added). We read this provision as giving the D.O.C. discretion to promulgate rules related to the deprivation of earned credit time, including the delegation of such authority to other entities. However, in the absence of such delegation, only the D.O.C. is empowered to deprive an offender directly placed into a community corrections program of earned credit time.

To be clear, we find no reason to believe that the D.O.C. cannot in the future promulgate a rule under Indiana Code section 35-38-2.6-6(d), authorizing the director of a community corrections program to deprive offenders of earned good time credit. But for reasons not known to us, the D.O.C. has yet to delegate such authority. Accordingly, the program director here was without authority to deprive Shepard of earned credit time, notwithstanding Shepard's violations.

**Conclusion**

In reading the plain language of the statute, we find that the legislature has authorized the D.O.C. to promulgate rules delegating to others, including the director of a work-release program, the power to deprive offenders of earned good time credit. However, the D.O.C. has not yet promulgated any rules expressly pertaining to the delegation of good time credit deprivation powers. Accordingly, we find the community corrections director lacked authority to deprive Shepard of any earned good time credit. Thus, we reverse the trial court's good time credit determination and order the trial court on remand to re-calculate Shepard's earned credit time to include the 190 days he earned while serving in the work-release program.

5

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.