## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2018, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark Buggs,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 16, 2018<br><br>Court of Appeals Case No.<br>49A02-1710-CR-2215<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Alicia A. Gooden, Judge<br><br>The Honorable Richard E. Hagenmaier, Commissioner<br><br>Trial Court Cause No.<br>49G21-1307-FA-42721 |

**Najam, Judge.**

# Statement of the Case

Mark Buggs appeals the trial court's sentencing order following the revocation of his placement in a community corrections facility. Buggs raises one issue for our review, namely, whether the trial court erred when it denied him good time credit for sixty days he served in the work release program. Buggs contends that community corrections lacked the authority to deprive him of good time credit. The State does not dispute Buggs' contention on appeal. We agree and reverse and remand with instructions.

# Facts and Procedural History

On March 3, 2014, Buggs pleaded guilty to dealing in cocaine, as a Class B felony, and two counts of neglect of a dependent, as Class C felonies. On April 14, the trial court accepted his guilty plea and sentenced him to an aggregate term of six years, with three years to be served in the Department of Correction and three years to be served in the Marion County Community Corrections Program.

On April 14, 2015, the trial court approved Buggs' placement in a community transition program. Buggs began his placement in the Marion County Community Corrections Work Release Program on October 20. On October 27, Buggs was deprived of sixty days of good time credit.[1] On December 15,

---

[1] There is no information in the record to indicate the reason Community Corrections deprived Buggs of sixty days of good time credit.

the State filed a notice of community corrections violation, which alleged that Buggs had violated two conditions of his placement because he failed to return to the residential center after he had been released on an approved pass. The trial court then issued an order for his arrest, and he was arrested on December 25, 2016. On August 3, 2017, the trial court held a hearing at which Buggs admitted to both of the violations. The parties then discussed the credit time that Buggs had been denied, and the following conversation occurred:

> THE COURT: So it's 90, 90 days, so it's 60 days on the sheet but I think it's 90 days.
>
> [Community Corrections Team Officer]: He had 30 days deprived while he was in DOC[,] that was on September 16, 2015.
>
> THE COURT: Okay, all right and add 60 at work release.
>
> [Community Corrections Team Officer]: 60 yeah work release.
>
> THE COURT: All right.

Tr. Vol. II at 5. The State did not object or otherwise dispute those statements made by the Community Corrections Team Officer.

[4] Buggs then asserted that the community corrections program did not have the authority to take away credit time. In response, the State stated: "I've heard of community corrections being able to take away good time credit[.]" *Id*. at 6. On September 7, the trial court held a sentencing hearing. At the start of that

hearing, Buggs stated that there were two questions of credit time at issue. The first was thirty days he was denied while he was at the Department of Correction.[2] The second "is 60 days taken from work release under Marion County Community Corrections[.]" *Id.* at 10. The State responded and stated that Buggs "was given a hearing and opportunity and he admitted to the violation so his credit time was deprived at work release." *Id.* at 11. The trial court held that community corrections could deny credit time. The trial court revoked Buggs' placement in community corrections and gave him credit time for 881 actual days served plus 791 credit days. In its sentencing order, the trial court noted that Buggs lost thirty days of credit time while he was in the Department of Correction and sixty days while he was in the work release program. This appeal ensued.

## Discussion and Decision

[5] Buggs contends that the trial court erred when it honored the community corrections' deprivation of credit time and withheld sixty days of good time credit because community corrections did not have the authority to deprive him of credit time.

[6] We first note that the State contends Buggs has waived this issue on appeal because he failed to provide an adequate record. Specifically, the State asserts that "the only documentation [Buggs] has included with respect to the credit

---

[2] Buggs does not appeal the deprivation of those thirty days.

time calculation on appeal is two one-page documents, one page of which has no information with respect to who authored it and the second of which was allegedly authored by someone in community corrections." Appellee's Br. at 11-12. Further, the State asserts that "[i]t is unclear whether the deprivations occurred due to sanctions [Buggs] received while in the D.O.C. or while in community corrections." *Id*. at 12.

[7] But Buggs provided the transcripts from the August 3 and September 7 hearings, which provide information on the issue of credit time. And it is clear from those transcripts that the State did not dispute the fact that community corrections deprived Buggs of sixty days of credit time. During the August 3, 2017, hearing, the Community Corrections Team Officer stated that Buggs was deprived of thirty days while he was in the Department of Correction and sixty days while he was on work release. And the State responded and stated: "I've heard of community corrections being able to take away good time credit[.]" Tr. Vol. II at 6. Further, during the September 7 sentencing hearing, Buggs stated that one of the issues regarding credit time "is 60 days taken from work release under Marion County Community Corrections[.]" *Id*. at 10. The State replied that Buggs "was given a hearing and opportunity and he admitted to the violation so his credit time was deprived at work release." *Id*. at 11. The record is clear both that Buggs preserved the issue, and the State did not dispute, that community corrections had deprived Buggs of sixty days of credit time. As such, Buggs provided an adequate record and we will reach the merits of Buggs' appeal.

[8]     On the merits, Buggs contends that the trial court erred when it miscalculated his earned credit time because it honored the deprivation of credit time by community corrections and that community corrections lacked the authority to deprive him of credit time. Credit time is a matter of statutory right, and trial courts do not have discretion in awarding or denying such credit. *Hickman v. State*, 81 N.E.3d 1083, 1085 (Ind. Ct. App. 2017). Whether Buggs is entitled to additional credit time presents a question of statutory interpretation, which this court reviews de novo. *Day v. State*, 57 N.E.3d 809, 811 (Ind. 2016).

[9]     In support of his contention, Buggs relies on *Shepard v. State*, 84 N.E.3d 1171, 1174 (Ind. 2017), in which the Indiana Supreme Court held that, absent rules that expressly pertain to the delegation of good time credit deprivation powers, the community corrections director lacked authority to deprive the defendant of any earned good time credit. The State does not dispute this issue on appeal and concedes that "if the community corrections program did in fact deprive [Buggs] of 60 days of good time credit that he earned while serving his sentence in the community corrections program, it was without authority to do so." Appellee's Br. at 13. The State further acknowledges that Buggs "may be entitled to receive 60 additional days of good credit time," which "would amount to 851 days of good time credit as of the time of his community corrections revocation hearing (881 days of actual time served minus 30 days of good time credit that the D.O.C. previously deprived [Buggs] of, which [Buggs] does not challenge." Appellee's Br. at 13-14. Our Supreme Court's opinion in *Shepard* requires that Buggs' earned credit time be recalculated. Accordingly,

we reverse the trial court's determination as to Buggs' good time credit, and we remand to the trial court with instructions to reinstate sixty days of good time credit and to recalculate Buggs' credit time.

[10] Reversed and remanded with instructions.

Mathias, J., and Barnes, J., concur.