## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 08 2019, 6:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Reginald Binion, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | March 8, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-2332 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Natalie Bokota, Judge Pro Tempore <br><br> The Honorable Kathleen A. Sullivan, Magistrate <br><br> Trial Court Cause No. <br> 45G02-1111-FA-50 |

**Crone, Judge.**

# Case Summary

Reginald Binion contends that the trial court erred in denying him thirty days of good time credit that he earned while on direct placement in the Lake County Community Corrections transition program. The State concedes the error. Finding that Lake County Community Corrections lacked the authority to deprive Binion of good time credit, we reverse and remand.

# Facts and Procedural History

In November 2011, the State charged Binion with class A felony attempted murder and class B felony attempted robbery. Pursuant to a plea agreement, Binion pled guilty to the attempted robbery charge. The State agreed to dismiss the attempted murder charge. In March 2013, the trial court sentenced Binion to fifteen years in the Indiana Department of Correction ("the DOC"). In October 2017, the Lake County Community Transition Court accepted Binion into its community transition program ("the program"). The court modified his placement from the DOC to the program effective March 5, 2018.

During January and February of 2018, Binion violated the program's rules on numerous occasions, and, following disciplinary hearings, Lake County Community Corrections sanctioned Binion to a loss of seventy-five days of good time credit. Appellant's App. Vol. 2 at 127. After March 5, 2018, he violated the program rules on three more occasions, and, following another disciplinary hearing in June 2018, Lake County Community Corrections sanctioned Binion to an additional loss of thirty days of good time credit. *Id.*

[4] On June 12, 2018, Lake County Community Corrections filed a petition to expel Binion from the program. On August 28, 2018, the trial court held a hearing and granted the petition after finding that Binion had violated the terms of his placement. The trial court resentenced Binion to fifteen years in the DOC. With respect to credit time, the trial court determined that Binion was incarcerated from October 31, 2011, through August 27, 2018, and was entitled to accrued time and good time credit for those dates except for one hundred five days of good time credit that he lost pursuant to disciplinary board hearings. *Id.* at 133. Binion objected to the loss of the thirty days of good time credit earned while on direct placement in the program. This appeal ensued.

## Discussion and Decision

[5] Binion argues that the trial court erred in denying him thirty days of good time credit that he earned after his sentence was modified to direct placement in the program. The State concedes the error.

[6] Indiana Code Section 35-50-6-0.5 includes the following definitions regarding credit time:

> (1) "Accrued time" means the amount of time that a person is imprisoned or confined.

> (2) "Credit time" means the sum of a person's accrued time, good time credit, and educational credit.

> ….

(4) "Good time credit" means a reduction in a person's term of imprisonment or confinement awarded for the person's good behavior while imprisoned or confined.

Binion points out that under Indiana Code Section 35-38-2.6-6(c), a person who is placed in a community corrections program under this chapter is entitled to earn accrued time and good time credit. Binion does not dispute that he forfeited seventy-five days of good time credit for committing violations *prior* to his modification of placement from the DOC to the program.

[7] However, Binion asserts that Lake County Community Corrections did not have statutory authority to deprive him of his good time credit *after* he was directly placed in the program. Under Indiana Code Section 35-38-2.6-6(d), a "person who is placed in a community corrections program under this chapter may be deprived of earned good time credit as provided under rules adopted by the department of correction under IC 4-22-2." In *Shepard v. State,* our supreme court noted that the DOC had not promulgated any rules expressly pertaining to the delegation of good time credit deprivation powers to other entities, and therefore the community corrections program director in that case lacked authority to deprive the defendant of earned good time credit. 84 N.E.3d 1171, 1174 (Ind. 2017). There is no indication that the DOC has adopted such rules since *Shepard*.

[8] Accordingly, we reverse the trial court's good time credit determination and remand with instructions to recalculate Binion's good time credit to include the

thirty days he earned after his sentence was modified to direct placement in the program.

[9] Reversed and remanded.

Vaidik, C.J., and Mathias, J., concur.